CHARLES B. FRANK, Respondent, v. GERHARD WESSELS, Appellant.

A written instrument acknowledging the receipt of a specified sum of money in paper currency for account of a person named, and promising to pay the same to such person or order "on return of this receipt" with interest, is a negotiable promissory note. The words "on return of this receipt" do not make it payable upon a contingency or constitute a condition precedent; and its being payable in paper currency will be taken as meaning legal tender paper currency.

Where such an instrument is lost and an action is brought thereon, the defendant is entitled to the indemnity provided by statute (2 R. S., 406, § 75) in actions upon lost negotiable instruments; and this, although it appears that the instrument has not been indorsed; indemnity must be given without regard to the fact of actual negotiation.

(Argued January 26, 1876; decided February 1, 1876.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff entered upon a verdict.

The complaint in this action alleged, in substance, that plaintiff's assignor, William Feist, delivered to defendant certain money to the amount of $2,496 to be repaid on

demand, with interest, defendant delivering a receipt or certificate of deposit therefor; that defendant refused to pay on demand. The instrument delivered by defendant was as follows:

" NEW YORK, *February* 4, 1871.

Received from Straut Bros. for account of Mr. W. Feist, carpenter, of Greytown, Nicaragua, twenty-four hundred and ninety-six, twenty-six one-hundredths dollars, paper currency, which I promise to pay to said W. Feist, or to his order, on return of this receipt, with seven per cent per annum interest.

$2,496.26, paper currency.

(Signed.)          G. WESSELS."

The instrument was not produced; plaintiff's assignor, Feist, testified that it was stolen from him; also, that it was not indorsed by him when taken.

On the trial defendant's counsel moved for a nonsuit on the ground that plaintiff was not entitled to recover without a return of the instrument or indemnity given. The motion was denied and the court directed a verdict for plaintiff, which was rendered accordingly.

*Samuel Hand* for the appellant. No recovery could be had against defendant without a return of the instrument in suit. (*Cartledge* v. *West*, 2 Den., 377; *Porter* v. *Rose*, 12 J. R., 209.) Even if the instrument did not provide that a return must be made before payment, no recovery could be had without first giving or tendering a bond of indemnity when the demand was made. (*Desmond* v. *Rice*, 1 Hill, 530; *Smith* v. *Rockwell*, 2 id., 482; *Van Alstyne* v. *Coml. Bk.*, 4 Abb. Ct. App. Dec., 456; 2 R. S., 406, §§ 75, 76.)

*Sidney S. Harris* for the respondent. If the instrument was not a negotiable promissory note indemnity could not be demanded. (*Wright* v. *Wright*, 54 N. Y., 437.) No indemnity was required.. (*Payne* v. *Gadner*, 29 N. Y., 146, 167, 171; *Payne* v. *State*, 39 Barb., 639; *Herrick* v. *Woolverton*, 41 N. Y., 595, 600, 601; *Graves* v. *Dudley*, 20 id., 74;

*Marsh* v. *Oneida Bk.*, 34 Barb., 298 ; *Sand* v. *Seamen Ins. Bk.*, 37 id., 129 ; 1 Am. L. Cas., 307 ; *Silbree* v. *Tripp*, 15 M. & W., 23 ; *Horne* v. *Redpearer*, 4 Bing. N. C., 433 ; *Patterson* v. *Poindexter*, 6 W. & S., 227 ; 8 id., 353.) Plaintiff can recover even if the instrument is a negotiable note. (Edw. on Bills, 301, 302 ; *Depew* v. *Wheelan*, 6 Blackf., 485 ; *Rolf* v. *Watson*, 4 Bing., 273 ; *Colson* v. *Arnot*, 57 N. Y., 253 ; 17 id., 205 ; *Canal Bk.* v. *Bk. of Albany*, 1 Hill, 287 ; *Hopkins* v. *Adams*, 20 Vt., 407 ; 1 Story's Eq. [9th ed.], § 86 *a ; Pintard* v. *Packington*, 10 J. R., 104 ; *Ball* v. *Rowley*, 3 Cow., 303.) Plaintiff was entitled to recover upon the instrument in suit. (10 J. R., 104 ; 2 Camp. N. P., 211, note ; 6 Ves., 812 ; 3 Cow., 303 ; 6 Blackf., 485 ; *Thayer* v. *King*, 15 Ohio, 292 ; *Samson* v. *Plaff*, 1 Handy, 444 ; *Long* v. *Baillie*, 2 Camp., 214, note ; *Rolt* v. *Watson*, 4 Bing., 273 ; *Whitesides* v. *Wallace*, 2 Speers, 193 ; 1 Leigh N. P., 471 ; *Branch Bk.* v. *Tillman*, 22 Ala., 114 ; *Hopkins* v. *Adams*, 20 Vt., 407 ; 12 id., 443 ; 20 id., 455 ; 1 R. I., 401 ; 42 Me., 450 ; 40 id., 74 ; *Hansard* v. *Robinson*, 7 B. & C. ; 2 Hill, 295 ; id., 482 ; 3 Cow., 303 ; 2 Wend., 550.) The provision that payment should be made upon the return of the instrument added nothing to it. (*Bennett* v. *Pixley*, 7 J. R., 249 ; *Peffer* v. *Haight*, 20 Barb., 429 ; 5 id., 161 ; 6 id., 386 ; 1 Seld., 247.)

CHURCH, Ch. J. The only question in this case is whether the defendant was entitled to indemnity, as provided by statute, in actions upon lost negotiable notes. (2 R. S., 406.) It was not necessary to offer indemnity before action brought. It is sufficient to give it before recovery. I infer that the learned judge intended to decide that the plaintiff could recover without giving indemnity. The case states that the plaintiff's counsel said that the plaintiff would give a bond if required. The defendant's counsel then moved for a nonsuit on the ground (among others) that indemnity had not been offered ; and the court directed a verdict for plaintiff without requiring him to deliver the bond.

The counsel insists that the plaintiff is not bound to furnish indemnity for various reasons:

First. That the certificate or instrument, in this case, is not a negotiable promissory note. I think it is. It contains an express promise to pay Feist, or order, a specified sum of money, upon demand, with interest. These are the statutory elements of such a note. (1 R. S., 721, § 1.)

The words, "on the return of this receipt," do not make it payable upon a contingency, or constitute a condition precedent to any payment. If they did, no recovery could be had without a return of the certificate. This restriction would be implied if not expressed; it is implied in every promissory note; and there is also an implied exception, on account of mistake or accident. When these occurred courts of equity formerly enforced the obligation upon such terms of indemnity as was deemed just; and now courts of law may enforce it upon requiring the observance of the statutory indemnity. This clause is not of the essence of the contract, but is inserted for the convenience and safety of the maker. In the case of *Patterson* v. *Poindexter* (6 Watts & S., 227) there was no express promise to pay; and the intimation as to the effect of the clause requiring a return is not authoritative, and has not been followed in this State or elsewhere. (Parsons on Bills and Notes, 26, and cases cited.) In 29 New York, 146, the principal question was, whether a demand was necessary before action brought upon such a certificate. The objection that the instrument is not a promissory note, because payable in paper currency, is answered by the suggestion that this must be taken to refer to the legal tender paper currency, which under the United States laws and decisions is money.

It is also urged, that as Fiest testified that the certificate had not been indorsed, the defendant could not be injured, and therefore no indemnity was necessary. Before the statute, the fact of negotiability, or that the instrument had been negotiated must have been proved. The presumption was the other way. The statute was passed to remedy such cases, and provides that if the action is on a negotiable note, indem-

nity must be given without regard to the fact of actual negotiation. The authorities cited by the counsel upon this point do not answer the unqualified requirement of the statute. The action is, substantially, on the instrument. The complaint alleges the loan of the money, the taking of the instrument and the transfer to the plaintiff. I think that the defendant was entitled to indemnity within the spirit and intent of the statute; but I agree with the counsel for the plaintiff that there is no necessity for a new trial.

There was no defence made to the action; and a proper disposition of the case is, that if the plaintiff shall, within thirty days, execute and deliver, or offer to the defendant or his attorney a bond of indemnity, approved by one of the judges of the City Court of Brooklyn, the judgment is affirmed, without costs to either party in this court; if not, the judgment is reversed and a new trial granted, costs to abide event.

All concur.

Judgment accordingly.