### LEWIS S. CHASE *against* HENRY F. BEHRMAN.

Promissory Note.—Construction of.—What constitutes a Negotiable Instrument.—Effect of Expressing Conditions.

Appeal from a judgment entered upon an order sustaining a demurrer. The plaintiff declared upon the following instrument as a promissory note, to wit:

"$84.                    NEW YORK, December 1, 1879.

"I promise to pay to the order of L. S. Chase, manager, seven dollars monthly, in the following manner, to wit: $7 five days after date and $7 on the first day of each succeeding month for twelve months from date, for the privilege of advertising purposes of one panel, each 7x22 inches, in twenty cars of the Second Avenue Railroad Co., in the city of New York, for the term of one year from date.

"H. F. BEHRMAN."

He demurred to the complaint, upon the ground

that it did not state facts sufficient to constitute a cause of action, in this, that the instrument sued upon was declared on as if it were a promissory note, when it was not.

*J. B. Leavitt,* for appellant.

*W. F. Pitshke,* for respondent.

McADAM, J.—The instrument sued upon is a promissory note. It is payable absolutely and at all events. The words "for the privilege of advertising purposes, &c.," are a mere statement of the consideration, and do not make the payment of the note depend upon the contingency whether the defendant availed himself of the privilege or not (see Frank *v.* Wessels, 64 *N. Y.* 155; Mott *v.* Havana Bank, 11 *Weekly Dig.* 96; Hodges *v.* Shaler, 22 *N. Y.* 114). If the consideration of the note, without any fault of the defendant, failed, this was matter of defense which should have been pleaded, for it cannot be inferred that the privilege was not worth all the defendant promised to pay for it, nor that the plaintiff was unable to confer it. The nature of the instrument sued upon implies that these preliminary considerations were determined prior to its delivery. The note is payable to the plaintiff and the action is properly brought in his individual name. The word "manager," in the body of the note after the plaintiff's name, is merely *descriptio personæ.* It follows that the judgment entered upon the order sustaining the demurrer must be reversed, with costs, and the demurrer overruled, with liberty to the defendant to withdraw the demurrer and answer over, upon payment of said costs within six days after they are taxed; and in default of such payment judgment upon the demurrer will be ordered in favor of the plaintiff, without such liberty.

The defendant appealed to the N. Y. common pleas, general term, where the above decision was affirmed.