VAN WYCK, C. J.   The plaintiff's contention is that on July 1, 1895, he sold on the market, through the defendant, who acted as his stockbroker, 100 shares of a certain stock, in two separate orders, of 50 shares each; that, as to one block of 50 shares, the defendant, on plaintiff's order, subsequently purchased 50 shares to meet this sale, and his account with defendant was thereby closed as regards this block; but that, as to the other block of 50 shares, he continued short of the market until July 15th, when he requested defendant to buy in 50 shares to cover that short sale, which he refused to do, and, by reason thereof, plaintiff lost the profit which he would have made of $275, for which this action is brought.   The defendant contended that although he had rendered an account to plaintiff, showing sales of two blocks of stock of 50 shares each on July 1st, as a fact he had only sold one block, and that plaintiff had not given him any order to sell any more on that day, and that the entry as to the other block was a mistake made by defendant's bookkeeper.   The question for the jury to determine was whether plaintiff had on July 1, 1895, given orders to sell two blocks of 50 shares each, or only as to one block; and their verdict, with plaintiff's contention that he ordered him to sell two blocks, is not against the evidence or weight of evidence.

The appellant contends that an affidavit made by the defendant, and filed in this court, on the hearing of a former motion in this action, was improperly admitted in evidence, against his objection. This was read as a declaration or admission of the party defendant, and it was not error to admit it, although defendant's attention had not first been called to his statement therein contained.

Judgment and order affirmed, with costs.   All concur.

---

(20 Misc. Rep. 656.)

ROLSTON et al. v. CENTRAL PARK, N. & E. R. R. CO.

(City Court of New York, General Term.   July 2, 1897.)

LOST INTEREST COUPONS—ACTION—INDEMNITY.

> Interest coupons of railroad bonds, payable to bearer at a specified time and place, are negotiable promises for the payment of money, and are subject to the same rules as other negotiable instruments, including the right, given by section 1917 of the Code of Civil Procedure, to recover upon the same, when lost, upon furnishing indemnity, and this rule is not affected by a provision in the mortgage securing the bonds that the interest shall be payable on presentation and surrender of the coupons.

Appeal from trial term.

Action by William Rolston and others against the Central Park, North & East River Railroad Company.   Judgment on a verdict for plaintiff, and defendant appeals.   Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Henry A. Robinson, for appellant.
Leopold Wallach, for respondents.

VAN WYCK, C. J.   The plaintiffs, while the bona fide owners of one of defendant's negotiable $1,000 bonds, with all interest coupons, not then due, attached, lost the same, and thereafter, and after two of such coupons of $35 each became due, they duly tendered to defend-

ant a bond of indemnity to hold it harmless against the claim of anybody else, and duly demanded payment of these two due unpaid coupons, which was refused, and thereupon brought this action to recover the sum of $70. At trial, copies of these two coupons, the bond, and the deed of trust or mortgage to secure payment of the same, were marked in evidence by consent, and, as there was no disputed question of fact raised by the proof, the presiding justice directed a verdict for plaintiffs for the amount claimed, and interest thereon, and fixed the amount of the indemnity bond to be given by plaintiffs within 10 days to defendant at $250. The coupon first due reads:

"$35.                                                          June 1st, 1895.  $35.

"The Central Park, North and East River Railroad Co. will pay thirty-five dollars to bearer at the city of New York for six months' interest on bond No. 994.                                        L. T. Griffiths, Treasurer."

The other coupon was similar, except the date of payment was December 1, 1895. The mortgage provided that the semiannual interest on the bonds was to be paid "on the presentation and delivery of the coupons or interest warrants thereto attached." The appellant contends that presentation of the coupons was a condition precedent to the payment of the interest, and that the coupons are not negotiable instruments for the payment of money only. There is an implied agreement in all negotiable instruments that they must be presented and delivered as a condition of payment, and, if these coupons were in plaintiffs' possession, they would be called upon to surrender them upon payment; but the bond with these coupons attached has been lost, and the bond is not due, but these coupons are. The plaintiffs' action is upon lost negotiable paper, under section 1917 of the Code of Civil Procedure, and they, before suit, tendered the indemnity required by that section, and at trial had the justice fix the amount thereof. Interest coupons to railroad bonds, payable to bearer at a specified time and place, are negotiable promises for the payment of money, and are subject to the same rules as other negotiable instruments. Evertson v. Bank, 66 N. Y. 14. The provision in the mortgage securing the payment of the bonds, that the coupons will be paid only upon their presentation and surrender, does not change their negotiable character, and such provision would not, even if expressed in the coupon itself. Frank v. Wessels, 64 N. Y. 155. In that case the lost instrument sued upon read:

"New York, February 4, 1871.

"Received from Straut Bros., for account of Mr. W. Feist, carpenter, of Greytown, Nicaragua, $2,496.26, paper currency, which I promise to pay to said W. Feist, or to his order, on return of this receipt, with 7% per annum interest. "$2,496.26, paper currency.                                      G. Wessels."

And the court of appeal there ruled that this was a lost negotiable instrument, and that under the statute allowing action upon such instruments the plaintiff was required to give an indemnity bond, and so ordered, and further ruled that the words "on return of this receipt" did not make it payable upon a contingency, or constitute a condition precedent to any payment. The plaintiffs were entitled to a verdict for only $70, the amount of the coupons, but not to interest thereon, and the judgment is reduced by $3.81, the amount of interest, and, as so reduced, affirmed, with costs. All concur.