granted, but up to the commencement of the present action there had been no new trial. Before the reversal the wife procured an order directing him to pay a specified sum for expenses of her appeal, and after the reversal she procured an order directing him to pay a specified amount for back alimony, $275 a month alimony pendente lite, and her counsel fee. Both orders were served on his attorney, but were not complied with. The present action was thereafter instituted by the wife, to reach the surplus income of certain trust funds created for the benefit of the husband, and for an injunction restraining the trustees from paying to him, and him from receiving, more than $50 a month, and the present motion was made for an injunction pendente lite. The complaint alleged, on information and belief, that Charles S. Halsted left the state with intent to evade service; that personal service on him could not be secured; and that he had no property which could be subjected to sequestration proceedings in said action for divorce.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

H. D. Hotchkiss, for appellant.

Edgar J. Nathan and M. George L. Shearer, for respondents.

PATTERSON, J. The motion for an injunction was properly denied, and for the reason that the plaintiff was not in a situation to institute this action, which was evidently brought upon the supposed authority of Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169. The ground upon which that case proceeded was that the plaintiff was entitled to maintain a creditor's action to reach the surplus of the trust fund in the hands of the trust company, and it appeared that the plaintiff there had exhausted all the remedies given by the Code to obtain payment of the alimony awarded on the final judgment. Assuming, without deciding, that the right to maintain an action of this character would lie upon an award of alimony made by a binding order, still that right would depend upon the plaintiff's having exhausted the ordinary remedies for the enforcement of the order, which was, manifestly, not done in this case. Sequestration proceedings were not resorted to, and, further than that, no execution was issued. The right to issue the execution existed. Section 779 of the Code of Civil Procedure enacts that where a sum of money is directed by an order to be paid, if it is not paid within the time fixed by the order, or within 10 days after the service of the order, an execution against the personal property of the party required to pay the same may be issued by any party or person to whom the same is payable by the terms of the order. The plaintiff, therefore, did not exhaust the remedies open to her, and consequently cannot maintain a creditor's action.

The order appealed from should be affirmed, with costs. All concur.

(21 Misc. Rep. 439.)

ROLSTON et al. v. CENTRAL PARK, N. & E. R. R. CO.

(Supreme Court, Appellate Term. October 28, 1897.)

1. LOST INSTRUMENTS—ACTIONS—NEGOTIABLE COUPONS.

The provision of Code, § 1917, that an action may be maintained upon a lost negotiable note or bill of exchange upon the giving of an undertaking of indemnity, is applicable to an action on a lost negotiable coupon.

2. SAME—CORPORATIONS.

The fact that the bond from which the coupon was taken was issued by a corporation, and that it and the coupon provide for payment of interest

only on "presentation and delivery of the coupons," does not render such section inapplicable, since no distinction is made between debtors corporate and otherwise.

3. SAME—NONNEGOTIABILITY—INDEMNITY.
    If a lost coupon is nonnegotiable, an action may be maintained upon it without an undertaking for indemnity.

4. SAME—EFFECT OF LOSS ON RIGHT TO RECOVER.
    The fact that a coupon provides that it will be paid only on "presentation and delivery" does not preclude a recovery on it after it has been lost.

Appeal from city court of New York, general term.

Action by William H. Rolston and others against the Central Park, North & East River Railroad Company upon coupons of defendant corporation in the following form:

"$35.                                      December 1st, 1895.    $35.
    "The Central Park, North & East River Railroad Co. will pay thirty-five dollars to bearer at the city of New York for six months' interest on bond No. 994.                                    L. T. Griffiths, Treasurer."

From a judgment for plaintiffs, entered on a verdict directed by the court, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John T. Little, Theodore H. Lord, and Henry A. Robinson, for appellant.

Leopold Wallach, for respondents.

DALY, P. J. The action was brought to recover $70, the amount of two coupons for interest, due June 1 and December 1, 1895, at 7 per cent., issued with bond No. 994 of the defendant corporation, on December 1, 1872; and the complaint averred that the bond and coupons had been lost, and that the plaintiff is ready and willing to execute an undertaking, with two sureties, in such amount as the court may fix, to indemnify the defendant against any claim by any other persons. Code, § 1917. A bond of indemnity was tendered on the trial. The defendant moved to dismiss the complaint, on the ground that the coupon was not a promissory note, and was not an unconditional promise to pay, and is governed by the terms and conditions of the mortgage (which provided for the payment of interest on the bond "on the presentation and delivery of the coupons or interest warrant" thereto annexed); that, as the coupon was attached to the bond when lost, it has never been negotiated, and serves no independent purpose; and that the only contract is the bond, which is not sued upon nor proved. The motion being denied, the defendant proved a copy of the bond and mortgage, and asked for a direction of a verdict upon the grounds stated, and upon the ground that the terms and conditions of the bond had not been complied with. The court directed a verdict for the plaintiff.

The very clear and satisfactory opinion of Chief Justice Van Wyck, of the city court (46 N. Y. Supp. 383), in affirming the judgment, disposes of most of the points now raised by the appellant. By the decisions of the court of last resort of this state, it is settled that interest coupons payable to bearer, and attached to bonds issued by a corporation, are negotiable promissory notes. Evertson v. Bank,

66 N. Y. 14; McClelland v. Railroad Co., 110 N. Y. 469–475, 18 N. E. 237. Hence the Code provision (section 1917) that an action can be maintained upon a lost negotiable promissory note or bill of exchange upon the giving of an undertaking of indemnity applies to actions upon lost coupons.

It is argued that, inasmuch as the bond to which the coupon in suit was attached contained a provision that "the interest will be paid upon the presentation and delivery of the coupons," the negotiability of the coupons is affected, if not destroyed, and that the section of the Code cited does not apply. To this argument, we think, it may be reasonably answered: If the lost coupon is a negotiable promissory note, the plaintiff may recover upon giving the undertaking. If it is not negotiable, he may recover without giving the undertaking; for there is no law which prohibits a recovery upon a contract because it has been lost, if satisfactory secondary evidence of it is produced. If the lost instrument is not negotiable, an action may be maintained upon it without a bond. Wright v. Wright, 54 N. Y. 437.

It is also argued that the provision in the bond requires the production of the coupon, as a prerequisite to recovery. No reason for such a rule is advanced, except the convenience to the corporation in ascertaining, by the surrender of the coupons, the extent at all times of its obligations upon its bonds, and the injustice of compelling it to accept, in lieu of coupons, the bond of a third party. The answer to this is that that Code, in the section in question (1917), recognizes no distinction between corporate and other debtors, nor between the holders of obligations of corporations and of private persons. As to the effect of the clause in the bond requiring the presentation of the coupon, that does not prevent a recovery, if the coupon be lost. Had the provision been incorporated in the coupon itself, it would not have had that effect. Where currency was deposited with a party, who gave his receipt therefor, promising to pay it "on return of this receipt," it was held he was entitled to recover, the receipt having been lost, as the provision did not make it payable on a contingency or constitute a condition precedent. Frank v. Wessels, 64 N. Y. 155. The provision of the stock corporation law (section 51) prescribing the cases in which the issuing of a new certificate of shares in a corporation may be compelled where the original certificate is lost, and discharging the corporation from liability upon it, after the new certificate is issued, leaving claimants upon such originals to recover only against the indemnitors or security given upon the new issue, indicates the disposition of the legislature to guard corporations against contending shareholders; but it does not affect in any manner their liability to creditors under section 1917 of the Code or at common law.

Judgment affirmed, with costs. All concur.