CAROLINE ZANDER, Respondent, *v*. NEW YORK SECURITY AND TRUST COMPANY, Appellant.

CERTIFICATE OF DEPOSIT — IF LOST, WHEN TRUST COMPANY ISSUING IT HAS NO RIGHT TO REQUIRE DEPOSITOR TO INDEMNIFY IT FROM LIABILITY BEFORE PAYMENT. A certificate of deposit issued by a trust company, payable to the depositor and "her assigns, on return of this certificate, which is assignable only on the books of the company," is not a negotiable instrument, and such provision protects the company in dealing with the holder of the certificate, as such holder might appear upon its books, without liability to third parties, to whom, unknown to the company, it might be transferred; nor can the company be rendered liable to any assignee by way of estoppel for its failure to require a return of the certificate as a condition for the payment of the amount deposited; in an action, therefore, by the depositor, upon a certificate which is alleged to have been lost, it is not essential to a recovery that the plaintiff should indemnify the company from liability upon the certificate.

*Zander* v. *N. Y. Security & Trust Co.*, 81 App. Div. 635, affirmed.

(Argued February 12, 1904; decided April 8, 1904.)

APPEAL from a judgment entered April 22, 1903, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles A. Boston* for appellant. No cause of action is stated, because the express terms of the contract provided for

the repayment of the money only on the return of the certificate. (*Lake* v. *McElfatrick*, 139 N. Y. 357; *Bank of Montreal* v. *Recknagel*, 109 N. Y. 482; *Hill* v. *Blake*, 97 N. Y. 216; *G. Bank* v. *Taaks*, 101 N. Y. 442; *Dauchy* v. *Drake*, 85 N. Y. 407; *Tobias* v. *Lissberger*, 105 N. Y. 404; *Clark* v. *Fey*, 121 N. Y. 470; *Norrington* v. *Wright*, 115 U. S. 188; *Chittenden* v. *Morris*, 52 Hun, 601; *Zimmer* v. *Brooklyn S. R. Co.*, 23 Abb. [N. C.] 382; *Halliday* v. *Nicholas*, 13 Misc. Rep. 111; *Mendenhall* v. *Klinck*, 50 Barb. 634; *Boker* v. *Demorest Mfg. Co.*, 28 Misc. Rep. 263.) No cause of action for the payment of the money arises upon the lost instrument in suit, unless a sufficient bond of indemnity is tendered if demanded. (*Frank* v. *Wessels*, 64 N. Y. 158; *Miller* v. *Austin*, 54 U. S. 218; *Pardee* v. *Fish*, 60 N. Y. 265; *Armstrong* v. *A. E. Nat. Bank*, 133 U. S. 433; *Matter of Baldwin*, 170 N. Y. 156; *Dinsmore* v. *Duncan*, 57 N. Y. 573; *Brainerd* v. *N. Y. & H. R. R. Co.*, 25 N. Y. 496; *C. S. Bank* v. *Town of Greenberg*, 173 N. Y. 215; *McNeil* v. *T. Nat. Bank*, 46 N. Y. 331.)

*Philip L. Wilson* for respondent. The return of the certificate is not a condition precedent. (*Frank* v. *Wessels*, 64 N. Y. 155.) Unless the certificate in question is a negotiable instrument no bond can be required. (*Wright* v. *Wright*, 54 N. Y. 437.) The certificate set forth in the complaint is not negotiable. (L. 1897, ch. 612, art. 2, § 20.)

CULLEN, J. The action is brought on a certificate of deposit issued by the defendant to the plaintiff for the sum of five hundred dollars which it is alleged the plaintiff has inadvertently lost or destroyed. The complaint further alleged that payment of said certificate had been demanded, but that the defendant refused to pay the same unless the plaintiff would give it a sufficient bond of indemnity against loss by reason of the failure to produce the certificate, which bond the plaintiff has been unable and unwilling to give. To this complaint the defendant demurred as not stating facts sufficient to constitute a cause of action. The demurrer has

14

been overruled and judgment entered thereon awarding to the plaintiff unconditionally the amount due on the certificate.

The only point the appellant seeks to raise on this appeal is its right to indemnity from liability on the lost certificate. It contends that as the plaintiff has refused to give such indemnity the complaint should be held not to state a good cause of action or, at least, that the judgment of the courts below should be so modified as to award the plaintiff a recovery only on the delivery of such indemnity. The certificate of deposit which is the subject of this suit is in the following form:

"$500.                                          No. 3711.
"THE NEW YORK SECURITY AND TRUST COMPANY.
"NEW YORK, *July* 11, 1901.

"Has received from Caroline Zander the sum of five hundred dollars of current funds, upon which the said company agrees to allow interest at the annual rate of three per cent from this date, and on five days notice will repay, in current funds, the like amount, with interest, to the said Caroline Zander or her assigns, on return of this certificate, which is assignable only on the books of the company. The right is reserved by this company, upon giving five days notice, to reduce the rate, or discontinue the payment of interest on this certificate, or pay the principal, such notice to be given personally or through the mail, directed to the address named in the books of the company."

The defendant's argument is twofold. *First,* it urges that the certificate is a negotiable instrument; *second,* that if it should not be held to be a negotiable instrument, the defendant, on account of the provision therein contained, that the amount due is payable on the return of the certificate, would, in analogy to the law relating to certificates of stock, be liable to third parties who might acquire for value the certificate. Doubtless a certificate of deposit may be issued in the form of a negotiable instrument. (*Frank* v. *Wessels,* 64 N. Y. 155.) But from our examination of the subject there seems to be no uniform usage in commercial circles or

with monetary institutions as to their forms. Some are plainly negotiable, some equally plainly are not negotiable, while between the two extremes are many of the debatable class. The instrument before us is payable to the plaintiff or her assigns. While the usual terms employed to confer negotiability on an instrument for the payment of money are to make it payable to order or bearer, still instruments payable to assigns have been held to be negotiable in cases where it was apparent from the whole nature of the instrument and the language employed that such was intended to be their character. (*Brainerd* v. *N. Y. & Harlem R. R. Co.*, 25 N. Y. 496; *City Savings Bank* v. *Town of Greenburgh*, 173 id. 215. See Negotiable Instruments Law, chap. 612, Laws 1897, sec. 29.) Therefore, had the first sentence of the certificate terminated with the words "on return of this certificate" it might be claimed, not without force, that the certificate was intended to be negotiable. But the words quoted are followed by the provision "which is assignable only on the books of the company." We think the clear effect and intent of this provision was to render the instrument non-negotiable and to protect the company in dealing with the holder of the certificate as such holder might appear on the books of the company, without liability to third parties to whom, unknown to the defendant, it might have been transferred. If such were not the object we are at a loss to discover any purpose which it was intended to subserve. This construction is fortified by the subsequent provision for reduction of rate of interest or payment of principal upon notice to the address named in the books of the company. We conclude, therefore, that from a consideration of the language of the certificate as a whole it is not a negotiable instrument.

Nor do we think that the defendant can be rendered liable to any assignee by way of estoppel for its failure to require a return of the certificate as a condition for the payment of the amount deposited. The case of stock certificates is not analogous to that of certificates of deposit. The object of requiring a surrender and return of the certificate as a condition

precedent to the transfer of stock is to give to such certificates a certain degree of negotiability which, without this condition, could not be obtained. No consideration of that character is applicable to instruments for the payment of money. If one wishes to make a pecuniary obligation negotiable the law permits him to do so and it is readily accomplished by making the obligation payable to bearer or to order. There is, therefore, no reason in such a case for resorting to the indirect means used in the case of stock certificates, means which are effective only to a limited extent. Moreover, the two instruments differ entirely in character. A stock certificate is merely a muniment or representative of title. The stock which it represents exists apart from the certificate and its existence is contemplated to endure so long as the corporation continues. The owner, as he appears on the books of the company is entitled to the dividends or profits, and it is only when he seeks to transfer his title to another that a surrender of the outstanding certificate is required as a condition precedent to the issue of a new one. But an instrument for the payment of money contemplates payment at some time, either at a date fixed or on demand. The condition that the certificate be surrendered at the time of its payment is no more than the law would require without a provision to that effect. (*Bailey* v. *County of Buchanan*, 115 N. Y. 297.) This condition is qualified, however, by an implied exception in the case of loss or destruction. (*Frank* v. *Wessels*, *supra ; Wilcox* v. *Equitable Life Assurance Society*, 173 N. Y. 50.) Such a requirement expressed in a certificate, therefore, does not constitute an estoppel in favor of a purchaser for value as it would in the case of a stock certificate. As the defendant can incur no liability from the failure to produce and surrender the certificate on its payment, it follows it is not entitled to indemnity.

The judgment appealed from should be affirmed, with costs.

Gray, O'Brien, Haight, Martin and Vann, JJ., concur; Parker, Ch. J., absent.

Judgment affirmed.