JOHN M. NELSON, Appellant, *v.* CITIZENS BANK, Respondent.

First Department, March 5, 1920.

**Bills and notes — certificate of deposit — negotiability.**

A certificate of deposit in the following form *held*, under the agreement of
the bank issuing the same, to constitute a negotiable instrument:

" No. 4857 CITIZENS BANK,
" LEXINGTON, TENN., *Oct.* 10, 1917.
" PARTIN MANUFACTURING Co. has deposited with this Bank Five Hun-
dred Dollars ($500.00) payable six months without per cent. per annum
interest on return of this Certificate properly endorsed.
"(Signed) JOHN A. McCALL,
" A Cashier.
" Not subject to check."

The fact that the agreement of the bank is not to pay to the depositor but to
pay *to the person presenting the certificate, providing it is properly
indorsed*, indicates that it was intended to be negotiable.

The certificate is to be construed the same as though it had provided that the
money was payable to the order of the depositor as required by section
20, subdivision 4, of the Negotiable Instruments Law, for it was issued to
the depositor and was payable on the return of the certificate properly
indorsed, which implies that it was to be indorsed by the depositor pre-
cisely the same as though it had been payable to the order of the depositor.

MERRELL, J., dissents.

APPEAL by the plaintiff, John M. Nelson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 3d

day of March, 1919, upon the verdict of a jury rendered by direction of the court, both parties having moved for the direction of a verdict, and also from an order entered in said clerk's office on the 21st day of February, 1919, denying plaintiff's motion for a new trial made upon the minutes.

*Moses Cohen* of counsel [*Zalkin & Cohen*, attorneys, for the appellant.

*Charles G. Wheeler*, for the respondent.

LAUGHLIN, J.:

The single point presented by the appeal is whether three certificates of deposit issued by the defendant were negotiable instruments. On the 3d day of October, 1915, and the 4th day of January, 1916, agreements in writing were made between the defendant, a bank, at Lexington, Ky., and the Partin Manufacturing Company (which for the sake of brevity will be referred to as the Company) of Memphis, Tenn., by which the bank agreed to deliver to the Company certificates of deposit. By the first agreement the bank contracted to issue to the Company certificates of deposit to be used by the Company to guarantee to its customers the delivery of goods under its contracts with them. The certificates were to be delivered by the bank on the receipt of notes from the Company's customers for like amounts, and the bank agreed if the notes were paid it would pay the certificates to the party paying the notes, or to the Company if it settled with the customer, and it was agreed if the notes were not paid the certificates were not to be paid but were to be used in taking up the unpaid notes and that the certificates were " to bear such endorsement when used by the said Partin Mfg. Co. as restricts the payment in accordance with a form prepared and to be used on like certificates of the National Bank of the Republic." The last agreement, which evidently was designed to take the place of the first, states the purpose of the certificates, the same as the first agreement, but expressly provides that the certificates are to be non-negotiable, and that the certificate issued against the note of a particular customer was to be used with that particular customer only, and that the certifi-

cates were to be returned to the Company by the customers on the delivery of the merchandise, and were then to be returned to the bank and used in liquidating the particular customer's notes for which they were issued, and in the event of the payment of the notes before the return of the certificates the bank agreed that it would pay the certificates on demand to the Company, otherwise the agreement was substantially the same as the first.

The certificates issued by the bank pursuant to these agreements bore serial numbers. The restrictive indorsement which it was agreed the Company should use on the certificates was a form showing that the certificate was deposited in escrow with a bank to guarantee the delivery of an automobile which the Company agreed to deliver to a customer, and provided, on the part of the depositary of the certificate, for its return to the Company upon proper notice that the automobile had been shipped. On the 10th day of October, 1917, and on the receipt of the notes of customers therefor, pursuant to the last agreement, the bank issued and delivered to the Company three certificates of deposit for $500 each, all of which, with the exception of the numbers, were as follows:

" No. 4857                              CITIZENS BANK,
            " LEXINGTON, TENN., *Oct.* 10, 1917.

" PARTIN MANUFACTURING Co. has deposited with this Bank Five Hundred Dollars ($500.00) payable six months without per cent. per annum interest on return of this Certificate properly endorsed.

                    " (Signed) JOHN A. McCALL,
                            " A          *Cashier.*

" Not subject to check."

The Company sold, indorsed and delivered these certificates to the Continental Credit Trust Company on the 19th day of October, 1917, for the sum of $1,370. The purchaser was not one of the Company's customers, and the form of indorsement which the Company agreed with the defendant to use was not used or indorsed on the certificates. The purchaser had no notice or knowledge of the fact that the certificates had been issued pursuant to said agreement, and no inquiry was made by the purchaser with respect thereto. The purchaser on

the 10th of April, 1918, which was the date the certificates were payable, caused them to be presented to the defendant for payment, and payment was refused on the ground that they had been transferred in violation of the contract. On the 19th day of April, 1918, the purchaser assigned the certificates to the plaintiff who thereafter brought this action thereon. The facts with respect to the agreement and the further facts that the certificates were issued under it and were fraudulently diverted by the Company and that the notes for which they were issued were not paid, were shown by defendant under a defense presenting those issues.

If the certificates were negotiable, the plaintiff's assignor, an association of individuals, were *bona fide* holders for value. There can be no doubt but that the certificates sufficiently conform to the requirements of section 20 of the Negotiable Instruments Law with the possible exception of subdivision 4 thereof. That section provides: " An instrument to be negotiable must conform to the following requirements; " and subdivision 4 thereof is as follows: " 4. Must be payable to order or to bearer." The rule of construction by which we are to determine whether the instrument conforms to the requirements of said section 20 is prescribed in section 29 and is as follows: " The instrument need not follow the language of this chapter, but any terms are sufficient which clearly indicate an intention to conform to the requirements hereof."

The language of subdivision 4 of section 20 which provides that the instrument must be payable to order or to bearer was not followed and, therefore, the decision depends upon whether the terms used in the certificate clearly indicate an intention to conform to the requirements of section 20. It is obvious that the defendant could easily have guarded against any claim that the certificates were negotiable by providing that they were only payable to the Company or one of its customers to whom it sold and failed to deliver an automobile or that they were subject to the contract. It is evident from the agreement that it was contemplated that they might become payable to a customer of the Company and that they were intended to be negotiated to a limited extent. The defendant could have had the blank form of indorsement printed on them but instead of that it trusted the Company, its customer, and it used them

without the form of indorsement agreed upon. The defendant's agreement to pay the amount of the deposit in six months on the return of the certificates " properly endorsed " cannot, as claimed by defendant, be construed as referring to an indorsement by the Company for the purpose only of receiving payment thereon from defendant. It is argued by counsel for the respondent that the depositor being a corporation the words " properly endorsed " have reference to an authorized indorsement by the Company on returning them for redemption, and that those words were used to protect the Company against a wrongful surrender of the certificates without authority. The agreement shows, however, that the certificates were intended to inure to the benefit of the customers of the Company in the event that the Company failed to deliver the merchandise after the customers had paid the notes and it is to be inferred that the notes were to be paid before the merchandise was to be delivered and, therefore, the certificates were intended to be guaranties to the customers that the merchandise would be delivered. It follows that the words " properly endorsed " would relate, in the event that the Company failed to deliver the merchandise to the customer after the customer paid the notes, to an indorsement by such customer. In determining whether these certificates were negotiable I think the fact that the defendant was a bank has a very important bearing for it is customary for banks to issue certificates of deposit which are intended to be negotiated and usually are negotiable. (*Pardee* v. *Fish*, 60 N. Y. 265.)

It will be observed that there is no specification in these certificates of a payee. The agreement of the bank is not to pay to the depositor but to pay to the person presenting the certificates, providing they were properly indorsed. This requirement, I think, indicates that they were intended to be negotiable and by the agreement it was so intended to a limited extent. I am of opinion that the certificates are to be construed the same as if they had provided that the money was payable to the order of the depositor for they were issued to the depositor and were payable on the return of the certificate properly indorsed, which implies that they were to be indorsed by the depositor precisely the same as if they had been payable to the order of the depositor. In the case of

*Forrest* v. *Safety Banking & Trust Co.* (174 Fed. Rep. 345, Circuit Court, Eastern District of Pennsylvania) it was held that a like certificate of deposit issued to an individual payable on the return of the certificate on a specified day, which was six months, less one day, from its date, " properly endorsed " was negotiable. In *National Bank of Fort Edward* v. *Washington County National Bank* (5 Hun, 605) it was held that a certificate of deposit issued by a bank to an individual payable on the return of the certificate " properly endorsed ". was negotiable. In that case no question appears to have been raised in the points with respect to the negotiability of the certificates but the basis of the decision was that it was negotiable and in the opinion of LEARNED, P. J., concurred in by his associates, he states that when a bank issues such a certificate it contracts to pay the money to *any holder* of the certificate when " properly endorsed " and that it is liable to a *bona fide* holder for value notwithstanding that owing to a great lapse of time, which in that case was seven years, it may have paid the money to the original depositor, and that such a certificate, where no time for payment is specified, is not dishonored until presented for payment. The court affirmed a judgment for the plaintiff on the certificate, and an appeal therefrom was dismissed by the Court of Appeals (72 N. Y. 606) without considering the merits. In *Barnes* v. *Ontario Bank* (19 N. Y. 152) a certificate of deposit was issued by the cashier of a bank, reciting that the depositor had deposited with the bank a specified amount to the credit of himself, and that it was payable on the return of the certificate " properly endorsed." It was held that the certificate of deposit was a negotiable instrument and that the bank was liable thereon to a *bona fide* holder for value notwithstanding the fact that no consideration was received by the bank therefor and the cashier acted dishonestly. In the case of *Zander* v. *New York Security & Trust Company* (178 N. Y. 208)· there is a clear intimation in a dictum that such a certificate, payable to a depositor or *his assigns*, would be negotiable. It has also been held that bonds payable, not to order or to bearer, but to a particular person or assigns, are negotiable. (*Brainerd* v. *New York & Harlem R. R. Co.*, 25 N. Y. 496; *Citizens' Savings Bank* v. *Town of Greenburgh*, 173 id. 215.)

It follows, therefore, that the judgment and order should be reversed, with costs to the appellant, and final judgment should be entered in favor of the appellant for the amount of the certificate, with interest and costs.

CLARKE, P. J., SMITH and PAGE, JJ., concur; MERRELL, J., dissents.

Judgment and order reversed, with costs, and final judgment directed in favor of plaintiff as stated in opinion.    Settle order on notice.