The State Bank, Respondent, *v.* The Central Mercantile Bank of New York, Appellant.

First Department, March 30, 1928.

**Banks and banking — certificates of deposit — negotiability — assignability -- certificates distinctly state that amount deposited is " payable only to " depositor — such certificates are neither negotiable nor assignable — action by assignee of depositor — judgment directed for defendant.**

This is an action by an assignee to recover on certificates of deposit issued by the defendant to a third person. The certificates specifically state that the third person has deposited the amount in the defendant bank, " payable only to himself." It appears that the person to whom the certificates were issued borrowed $150,000 from the defendant bank on a promissory note for four months and that the bank placed a part of that amount to his credit and issued certificates of deposit for the balance. It was mutually agreed that the note would be renewed when due and that the certificates of deposit would also be renewed when due.

In view of the quoted statement in the certificates of deposit that they were payable only to the person making the deposit the certificates are not negotiable.

Furthermore, in view of the transaction as stated it was the intention of the parties that the certificates should not be negotiable for if they were the defendant would have been without security and would lose the amount of the certificates of deposit as well as the amount of its loan made to the depositor.

The contention that a non-negotiable certificate would violate the Penal Law, if true, would not affect the liability of the defendant on the certificates.

Furthermore, the certificates are not only not negotiable but they are not assignable and the bank is not estopped from so contending.

Accordingly, judgment is directed for the defendant.

O'Malley, J., dissents in part, with memorandum.

Appeal by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 9th day of June, 1927, and also from an order entered on the 16th day of June, 1927.

*E. J. Dimock* of counsel [*Barent L. Visscher* and *Eleanor S. Burch* with him on the brief; *Hawkins, Delafield & Longfellow,* attorneys], for the appellant.

*Frank C. Laughlin* of counsel [*Stewart W. Bowers, Max Silverstein* and *Abraham Rickman* with him on the brief; *Max Silverstein,* attorney], for the respondent.

Martin, J. This action was brought upon two certificates of deposit issued by the defendant bank and alleged to have been assigned to the plaintiff bank. Each recites that Charles W. Owen has deposited $25,000 in the one case, and $50,000 in the

other, " payable only to himself four months after date on return of this certificate properly endorsed."

The defendant bank denied the assignment and set up various defenses and counterclaims. The defendant's motion to dismiss was denied upon the theory that the certificates were at least assignable so as to permit suit upon them by an assignee. Defendant's evidence in support of its defense and counterclaim was excluded, presumably because the certificates of deposit were given the effect of negotiable instruments, possibly on the ground of an estoppel. A verdict for the plaintiff was directed.

The complaint alleges that Charles W. Owen paid to the defendant the sum of $25,000 and the defendant issued and delivered to him a certificate of deposit reading as follows:

" Certificate of Deposit.
" Not subject to check.
" THE CENTRAL MERCANTILE BANK  .
" OF NEW YORK.

" No. 201                          NEW YORK, *March* 5, 1926.

" Charles W. Owen has deposited in this Bank Twenty-five Thousand and 00 /100 Dollars, *payable only to himself* Four months after date on return of this Certificate properly endorsed with interest at the rate of 3% per annum if allowed to remain four months.

" No interest after 12 months.
" $25,000.                        M. G. KLETZ,
                                     " *Vice-President.*"

It is further alleged that thereafter, for value received, and before maturity, Charles W. Owen indorsed the certificate of deposit and duly transferred it to William Goodman-Krasner Corporation, which on the same day and before maturity, for value received, indorsed and transferred same to the plaintiff. The complaint sets up a second cause of action in which it pleads a similar certificate of deposit for $50,000.

As a defense and counterclaim the defendant alleges that by the terms of the certificate and by agreement with Owen they were made enforcible by him alone and subject to any defenses, counterclaims or set-offs which the defendant then had or might thereafter have or acquire against him; that prior to the commencement of this action Owen made his promissory note for $150,000 payable to his own order at the Central Mercantile Bank of New York, indorsed by himself; and that by reason thereof Owen was and still is indebted to the defendant in the sum of $150,000 with interest.

As a second defense and counterclaim defendant alleges that it placed to the credit of Owen the sum of $25,000 and delivered to him its three certain certificates of deposit in the sums of $50,000, $50,000 and $25,000, respectively, and said Owen, in payment for said credit and certificates of deposit, executed and delivered to the defendant his promissory note in the sum of $150,000 dated November 5, 1925, payable four months thereafter to the order of defendant, and said Owen and defendant, at the time of the institution of such credit and the execution and delivery of the certificates of deposit and promissory note, mutually agreed that upon the maturity of said note Owen would execute and deliver to defendant, in exchange for such note, a promissory note of the same amount and tenor, except that it should be dated four months from the 5th day of November, 1925, and be payable four months from its date, and that, upon the maturity of said certificates of deposit, four months from November 5, 1925, defendant would execute and deliver to Owen in exchange therefor, new certificates of deposit of the same amounts and tenor, except that they should be dated four months from November 5, 1925, and be payable four months from their date.

The defenses and counterclaims include other necessary allegations, setting up the right to offsets as indicated. A third defense and counterclaim may be regarded as formal. There is also a fourth defense to both causes of action, setting up false representations. The reply sets forth affirmatively that the plaintiff is a *bona fide* holder for value of said certificates, same having been duly indorsed to it; and that the defendant had knowledge of the transfer thereof to it.

The respondent contends that the judgment must be affirmed if there be a favorable reply to any one of the following questions, all of which were presented at the trial:

1. Are the certificates negotiable on their face?

2. Are they negotiable, taking into consideration the circumstances under which they were issued?

3. Is the defendant estopped to deny their negotiability?

4. Are they quasi-negotiable to the extent of being enforcible by a *bona fide* holder, at least to the extent of precluding an offset which if it existed at all existed from the time of their inception and is contradicted by the express statement contained on the face of such certificates that the money represented had been deposited, as is required by statute? (See Penal Law, § 298, subd. 4, as amd. by Laws of 1910, chap. 398.)

5. Even if non-negotiable, are they assignable, and, if so, is defendant estopped from asserting its alleged offsets or counterclaims?

The respondent appears to rely upon a decision in this court in the case of *Nelson* v. *Citizens Bank* (191 App. Div. 19; affd., 232 N. Y. 581). While it was held there that the certificate of deposit was negotiable, the court pointed out how a certificate of deposit could be made non-negotiable, and said: " It is obvious that the defendant could easily have guarded against any claim that the certificates were negotiable by providing that they were *only payable to the company* * * *.*"

The certificates issued to Owen are substantially in accord with that statement.

In Story on Promissory Notes (7th ed. by Thorndike, § 143) the following is to be found: " Where the indorsement is, ' Pay to A. B. only,' there the word ' only ' makes it clearly restrictive, and does not authorize a payment or indorsement to any other party."

Edwards on Negotiable Instruments (Vol. 1 [3d ed.], § 395, p. 277) contains the following: " The payee or indorsee having the absolute property in a bill or note and the right of disposing thereof, has the power to make what is called a restrictive indorsement, precluding the person in whose favor it is made from making a transfer so as to give a right of action against either the person making it, or any of the antecedent parties. But in order to make an indorsement restrictive, it is necessary that it should be so drawn as to negative the right of transfer in the indorsee, or so as to give him a bare authority to receive the money. Thus, an indorsement in these words, ' pay the contents to John Halloway only,' prevents the bill from being again transferred * * *.*"

In *Zander* v. *New York Security &* Trust *Co.* (178 N. Y. 208) the Court of Appeals dealt with a restrictive indorsement, Judge CULLEN writing: " Doubtless a certificate of deposit may be issued in the form of a negotiable instrument. (*Frank* v. *Wessels*, 64 N. Y. 155.) But from our examination of the subject there seems to be no uniform usage in commercial circles or with monetary institutions as to their forms. Some are plainly negotiable, some equally plainly are not negotiable, while between the two extremes are many of the debatable class. * * * Therefore, had the first sentence of the certificate terminated with the words ' on return of this certificate ' it might be claimed, not without force, that the certificate was intended to be negotiable. But the words quoted are followed by the provision ' which is assignable only on the books of the company.' We think the clear effect and intent of this provision was to render the instrument non-negotiable and to protect the company in dealing with the holder of the certificate as such holder might appear on the

books of the company, without liability to third parties to whom, unknown to the defendant, it might have been transferred."

Here it appears that the intention was to make the certificates non-negotiable. This defendant loaned to Owen a large sum of money, issuing certificates of deposit in his name. If the certificates of deposit are negotiable, the bank would be without security, losing the amount of the certificates of deposit as well as the amount of their loan to Owen.

It is argued that a certificate which is non-negotiable would be a violation of the Penal Law. It might or might not be such a violation, but the penalty for such a violation would be a conviction for misdemeanor and not liability on the certificates as if they were negotiable. If the contention of the respondent is correct, there can be no violation of law, for every such instrument would immediately become negotiable. But the statute contains no such provision.

We are of opinion that the instruments are neither negotiable nor assignable and that the bank is not estopped from so contending.

The judgment and order should be reversed, with costs, and judgment directed for the defendant, with costs.

DOWLING, P. J., FINCH and McAVOY, JJ., concur; O'MALLEY, J., dissents in part in a memorandum.

O'MALLEY, J. (dissenting in part). I concur in the view that the certificates of deposit are not negotiable, but dissent in so far as it is held that they or the causes of action arising thereon are not assignable. In this view I vote for a reversal and the granting of a new trial, upon which the defenses and counterclaims may be interposed with the same force and effect as if the suit was brought by the original payee named in the certificates of deposit.

Judgment and order reversed, with costs, and judgment directed in favor of defendant, with costs.