THE STATE BANK, Appellant, *v.* THE CENTRAL MER-CANTILE BANK, Respondent.

Banks and banking — negotiable instruments — certificates of deposit, " payable only to himself [depositor] on return of this certificate properly endorsed," non-negotiable — bank not negligent in issuing certificates in such form — not party to fraud on bank to which they were transferred for value — renewal of certificates in name of depositor on demand of transferee not an admission that they were negotiable — non-negotiable certificates of deposit assignable in absence of agreement to contrary — dismissal of complaint in action by transferee to recover on non-negotiable certificates of deposit, erroneous — transferee may enforce certificates subject to defenses existing against transferer or itself — sufficiency of complaint.

1. Certificates of deposit, not payable to order or bearer, nor by their terms clearly indicating an intention that they should be, but " payable only to himself [depositor] on return of this certificate properly endorsed," are non-negotiable in form. The words " only to himself " destroyed their negotiability. Nor do the words " on return of this certificate properly endorsed," in this connection, import negotiability. The words " properly endorsed " limit the right of the depositor to receive the money and do not enlarge his right to negotiate the certificates.

2. There was no negligence on the part of the defendant, a bank, in issuing the certificates in this form which would estop it from asserting their non-negotiability. The general rule is that the holder of a

non-negotiable promise to pay money occupies no better or other position than the payee and he is chargeable with notice of the legal effect of the instrument.  Nor was the defendant bank a party to the accomplishment of a fraud on the plaintiff bank, to which the certificates had been transferred for value.  A bank knows, or should know, non-negotiable paper when it sees it; it does not appear that the certificates became negotiable by contract, and it cannot be assumed from the phraseology used that they were negotiable.

3. A contention that the renewal of the certificates on demand of the transferee amounted to an admission that they were negotiable cannot be upheld, where it appears that payment was not demanded and the certificates were renewed in the name of the depositor.  The terms of the certificates indicate their non-negotiable character and no rights in this regard were waived.

4. But, at least in the absence of an express agreement to the contrary, non-negotiable certificates of deposit are assignable and clear language is required to lead to the conclusion that they are not.  Such consequences cannot be deduced from uncertain language and where the certificates were issued in part payment, upon discount of the promissory note of the depositor, and no stipulation appears thereon that they were non-transferable or non-assignable or that an assignment would not be binding, it must have been assumed by the parties that the certificates were intended to be assigned and not retained merely as security for the payment of the note held by the bank.

5. In this action, therefore, to recover upon two of such certificates, a dismissal of the complaint, upon the ground that the certificates were neither negotiable nor assignable, was erroneous.  The assignee represents the assignor in regard to the claim and may enforce it " subject to any defense or counterclaim, existing against the transferer, before notice of the transfer, or against the transferee."  (Personal Propert · Law, § 41, subd. 3.)

6. While, technically speaking, the facts should have been alleged in the complaint, it is sufficient as a complaint on an assigned claim as well as on a negotiable instrument.

*State Bank* v. *Central Mercantile Bank*, 223 App. Div. 324, reversed.

(Argued June 11, 1928; decided July 19, 1928.)

APPEAL from a judgment, entered April 19, 1928, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court, and directing judgment in favor of defendant.

*Frank C. Laughlin, Stewart W. Bowers, Max Silverstein* and *Abraham Rickman* for appellant.   The certificates of deposit are negotiable on their face.   (*Hibbs* v. *Brown*, 190 N. Y. 167; *Manhattan Co.* v. *Morgan*, 242 N. Y. 38; *Nelson* v. *Citizens Bank*, 191 App. Div. 19; *Barnes* v. *Ontario Bank*, 19 N. Y. 152; *Kirkwood* v. *First Nat. Bank*, 40 Neb. 484; *Cornwall* v. *McKinney*, 80 N. W. Rep. 171; *Emerson* v. *Thatcher*, 51 Pac. Rep. 50; *Matter of Beuchner*, 226 N. Y. 440.)   The certificates of deposit are negotiable, taking into consideration the surrounding circumstances under which they were issued.   (*Haddock, Blanchard & Co.* v. *Haddock*, 192 N. Y. 499; *Manhattan Co.* v. *Morgan*, 242 N. Y. 38; *Gray* v. *Germania Fire Ins. Co.*, 155 N. Y. 180; *East River Bank* v. *Hoyt*, 32 N. Y. 119; *Planters Nat. Bank* v. *N. Y. Song & M. Co.*, 177 N. C. 380; *West* v. *First Nat. Bank*, 20 Hun, 408; *Ellis* v. *Western Life Indemnity Co.*, 207 N. Y. 320.)   The defendant is estopped to deny the negotiability of the certificates because, otherwise, it would impute to it a crime.   (Penal Law, § 298; *Fort* v. *Globe & Rutgers Fire Ins. Co.*, 186 App. Div. 185; *Hicks* v. *British-American Assur. Co.*, 162 N. Y. 284; *Riddle* v. *Butler First Nat. Bank*, 27 Fed. Rep. 503; *Logan Nat. Bank* v. *Williamson*, 1 O. C. D. 395.)   Even if it be held that the certificates of deposit are non-negotiable, they are, nevertheless, quasi-negotiable and assignable to the extent that the defendant is precluded from setting up as a defense or counterclaim facts which deny representations contained on the face of the certificates.   (*Bank of U. S.* v. *Public Bank of N. Y. City*, 88 Misc. Rep. 568; *Dollar* v. *Internat. Banking Corp.*, 101 Pac. Rep. 34; *Quinn* v. *Whitney*, 204 N. Y. 363; *Devlin* v. *Mayer*, 63 N. Y. 8; *Fortunata* v. *Patten*, 147 N. Y. 277; *Farone* v. *Hall*, 220 N. Y. Supp. 1; *Ackerman* v. *True*, 175 N. Y. 353; *Henry* v. *Brown*, 19 Johns. 49; *McLellan* v. *Walker*, 26 Me. 114; *Merrill* v. *Merrill*, 3 Mo. 463; *Kemp* v. *McPherson*, 7 Harr. & J. [Md.] 320; *King* v. *Fowler*, 16 Mass. 397; *Dean* v. *Herrold*, 37 Penn.

St. 150; *Kelly* v. *Universal Oil Supply Co.*, 224 Pac. Rep. 261.)

*E. J. Dimock, Barent L. Visscher* and *Eleanor S. Burch* for respondent. The direction of judgment for defendant was correct since the claim of Charles W. Owen on the certificates of deposit is personal to Owen in the sense that it cannot be assigned. (1 Edwards on Bills, Notes & Neg. Inst. 277, § 395; *Cottle* v. *Marine Bank*, 166 N. Y. 53; *Rowley* v. *Nat. Bank of Deposit*, 63 Hun, 550; *Eichner* v. *Bowery Bank*, 24 App. Div. 63; *Rivenburgh* v. *First Nat. Bank*, 103 App. Div. 64; *Zander* v. *N. Y. Security & Trust Co.*, 178 N. Y. 208.) The certificates of deposit sued on are not negotiable. (*Nelson* v. *Citizens Bank*, 191 App. Div. 19; 232 N. Y. 581; *Meyer & Co., Ltd.* v. *Decroix*, 61 L. J. R. Q. B. 205; *Leavitt* v. *Blatchford*, 17 N. Y. 521; *Matter of Ellard*, 62 Misc. Rep. 374.)

POUND, J. The action is brought to recover on two certificates of deposit, one for $25,000 and one for $50,000. Both certificates are in the same form. The one for $25,000 reads as follows:

" Certificate of Deposit
      " Not subject to check.
   " THE CENTRAL MERCANTILE BANK OF NEW YORK
" No. 201                NEW YORK, *March 5th*, 1926.
   " Charles W. Owen has deposited in this Bank Twenty-five Thousand and 00 /100 Dollars *payable only to himself* four months after date on return of this Certificate properly endorsed with interest at the rate of 3% per annum if allowed to remain four months.
   " No interest after 12 months.
" $25,000                M. G. KLETZ,
                              " *Vice-Prsident.*"

The complaint alleges that these certificates were before maturity for value received duly indorsed and

transferred to William Goodman-Krasner Corporation, and by it to plaintiff, which thus became the holder and owner thereof, thus asserting the right to recover thereon without regard to defenses or counterclaims of the bank as against Owen. (Neg. Inst. Law, §§ 91, 96; Cons. Laws, ch. 38.)

The answer sets up the defense that the certificates are non-negotiable and non-assignable and are subject to all defenses, counterclaims and setoffs which the defendant has against Charles W. Owen, the person named as payee therein. The trial court held that the certificates were negotiable and gave judgment for the plaintiff. The Appellate Division held that they were neither negotiable nor assignable and dismissed the complaint.

The history of the inception of the certificates of deposit is not without interest. On November 5, 1925, the defendant bank discounted a promissory note for Owen for $150,000 payable four months after date. It deposited to his credit $25,000, less the discount on the note, and issued to him three certificates of deposit, payable four months after date, with interest at three per cent, two for $50,000 each and one for $25,000. The note and the certificates were afterwards renewed and this action is brought to recover on two renewal certificates.

Negotiability is a matter of form rather than substance, although instruments not otherwise negotiable may become negotiable in effect by estoppel or by contract. (*Manhattan Co.* v. *Morgan*, 242 N. Y. 38.)

That the certificates were non-negotiable in form seems clear. They were not payable to order or bearer nor do their terms clearly indicate an intention that they should be. (Neg. Inst. Law, §§ 27, 28, 29.) They were payable only to Owen himself on the return of the certificates properly indorsed. The words " only to himself " destroyed their negotiability. (*Zander* v. *N. Y. Security & Trust Co.*, 178 N. Y. 208; *Nelson* v. *Citizens Bank*, 191 App. Div. 19; affd., on opinion below, 232 N. Y. 581.)

The words "on return of this certificate properly endorsed" in this connection do not import negotiability. To give a sensible meaning to the entire instrument, as we are bound to do if possible, the words "properly endorsed" limit the right of Owen to receive the money and do not enlarge his right to negotiate the certificates. The bank says: "We will pay you on the return of the certificates properly endorsed." It did not thereby achieve the contradictory result of making the certificates payable to Owen only, at the same time permitting him to negotiate them. (*Cottle* v. *Marine Bank*, 166 N. Y. 53.)

No negligence appears on the part of the bank in issuing the certificates in this form which would estop it from asserting their non-negotiability. The general rule is that the holder of a non-negotiable promise to pay money occupies no better or other position than the payee and he is chargeable with notice of the legal effect of the instrument. The defendant bank was not a party to the accomplishment of a fraud on the plaintiff bank. A bank knows, or should know, non-negotiable paper when it sees it. It does not appear that the certificates became negotiable by contract. Even if it were illegal to issue such non-negotiable certificates (Penal Law, § 298), it could not be assumed from the phraseology used that they were negotiable. The plaintiff finds itself in its present predicament through its own negligence rather than through the fraud or negligence of the defendant.

It is said that the circumstances of the renewal of the certificates amounted to an admission that the certificates were negotiable. Garretson, the vice-president of plaintiff, sent the certificates to defendant indorsed by Charles W. Owen and William Goodman-Krasner Corporation, for renewal. They were not indorsed or stamped by the plaintiff bank. The defendant bank asked why; the plaintiff bank replied, because they wanted them renewed, but offered to put on its stamp and demand payment. The defendant's officer said: "No, we will renew it."

28

Defendant might or might not have paid the certificates if called upon to do so, but payment was not demanded and the certificates were renewed in the name of Owen. The circumstance is negligible on the question of negotiability although it may be pertinent on the question of assignability. (*Lord Cons. Co.* v. *Edison P. C. Co.*, 234 N. Y. 411, 415, 416.) The terms of the certificates indicate their non-negotiable character and no rights in this regard were waived. (*Rapps* v. *Gottleib*, 142 N. Y. 164; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441; *Am. Ex. N. Bank* v. *Woodlawn Cemetery*, 194 N. Y. 116; *Peoples Trust Co.* v. *Smith*, 215 N. Y. 488; *Manhattan Co.* v. *Morgan, supra.*)

The question of assignability remains to be considered. In the absence of an agreement to the contrary, the power to assign and the power to transmit to personal representatives are said to be convertible propositions — at least survivability is one test of assignability (*Zabriskie* v. *Smith*, 13 N. Y. 322, 334; *Devlin* v. *Mayor*, 63 N. Y. 8, 15), and the rights here in question would survive the death of Owen.

Is non-assignability of the rights arising under non-negotiable instruments for the payment of money prohibited by any principle of law?

In the Restatement of the Law of Contracts by Professor Williston, adopted by the American Law Institute (§ 151), it is said: "A right may be the subject of effective assignment unless  *  *  *  (c) the assignment is prohibited by the contract creating the right." This exception is based on the fundamental principle of freedom of contract. It is not one of the exceptions contained in Personal Property Law (§ 41) (Cons. Laws, ch. 41) which provides that, with certain exceptions, " *any* claim or demand can be transferred." In *Portuguese-American Bank* v. *Welles* (242 U. S. 7, 11) the alternative fundamental principle of the freedom of alienation of rights was upheld. The moneys payable on a contract were not to

be assigned without the consent of the debtor party thereto. They were assigned. It was intimated that the debtor could not complain, but in fact he did not. The analogy is drawn between the alienation of a debt and of a chattel. A vendor of a horse, it is said may not prohibit the vendee to sell the horse; *ergo,* the same rule should be applied to the sale of a debt, both being personal property. (Gen. Const. Law, § 39; Cons. Laws, ch. 22.)

We need not choose between these alternatives, although it might well be held that by the Personal Property Law of New York (§ 41) the claim could be transferred even though the transfer was prohibited. Non-negotiable certificates of deposit are assignable in the absence of an agreement to the contrary. (*Quinn* v. *Whitney,* 204 N. Y. 363.) There is no reason for holding the assignment unlawful or inoperative. (*Rosenthal P. Co.* v. *Nat. Folding Box & Paper Co.,* 226 N. Y. 313, 326.)

Clear language should, therefore, be required to lead to the conclusion that the certificates are not assignable. (1 Williston on Contracts, § 422.) We cannot deduce such consequences from uncertain language. (*Scheffer* v. *Erie Co. Sav. Bank,* 229 N. Y. 50.) The plainest words should have been chosen, so that he who runs could read, in order to limit the freedom of alienation of rights and prohibit the assignment. It might have been stipulated on the face of the certificates that they should be "non-transferable" or "non-assignable." (*Tabler, Crudup & Co.* v. *Sheffield Land, Iron & Coal Co.,* 79 Ala. 377; *Barringer* v. *Bes Line Construction Co.,* 23 Okla. 131.) BRAMWELL, L. J., suggests, with some doubt, in *Brice* v. *Bannister* (3 Q. B. D. 569, 581, L. R. 1877–1878) that a stipulation expressly providing that an assignment of the instrument would not be binding might be effective. Equivalent expressions may be found, but no such stipulation appears here. Unless the transaction was a mere "act of cupidity and extortion," tainted with usury (*East River Bank* v. *Hoyt,* 32 N. Y. 119) it must have been assumed by the

parties that the certificates were intended to be assigned by the payee and not retained by him merely as security for the payment of the note held by the bank.

Personal Property Law (§ 41, ¶ 3) provides:

" 3. Where a claim or demand can be transferred, the transfer thereof passes an interest, which the transferee may enforce by an action or special proceeding, or interpose as a defense or counterclaim, in his own name, as the transferrer might have done; *subject to any defense or counterclaim, existing against the transferrer, before notice of the transfer, or against the transferee.* But this section does not apply, where the rights or liabilities of a party to a claim or demand, which is transferred, are regulated by special provision of law; nor does it vary the rights or liabilities of a party to a negotiable instrument, which is transferred." In other words, the assignee represents the assignor in regard to the claim. (*Seibert* v. *Dunn*, 216 N. Y. 237; Civil Practice Act, §§ 266, 267.)

The defendant pleaded and offered to make proof of counterclaims to which plaintiff had replied. The evidence was not received by the trial court because it held that the certificates were negotiable. On a new trial the evidence may be fully developed on both sides. It may appear that defendant is estopped by its conduct, rather than by the form of the certificates, to assert its equities against plaintiff. It may appear that it is estopped by the nature of the original transaction to deny that it holds the money free from and unaffected by the equities. We will not prejudge the case on the record before us.

Technically speaking, the facts should have been alleged in the complaint. But it is sufficient as a complaint on an assigned claim as well as on a negotiable instrument.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.