ELY A. LANDAU and OLIVER A. UNGER,
Appellants,

*vs.*

JOSEPH BEST and EVELYN BEST,
Appellees,

LEONARD DAVIS and PHILIP L. HANDSMAN,
Appellees.

*Supreme Court, On Appeal, December 13, 1962.*

*Bruce M. Stargatt,* of Morford, Young & Conaway, Wilmington, and *J. M. Golenbock,* of Golenbock & Barell, New York City, for appellants.

(1)°

*Robert H. Richards, Jr.,* of Richards, Layton & Finger, Wilmington, and *Robert J. Ward, and David A. Drexler* of Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City, for appellees.

SOUTHERLAND, C. J., and WOLCOTT and TERRY, JJ., sitting.

SOUTHERLAND, Chief Justice: This is a stockholder's derivative suit on behalf of National Theatres and Television, Inc., a Delaware corporation. Plaintiffs below sought to compel the appearance of certain defendants by seizure of their property under the provisions of 10 *Del.C.* § 366, the so-called "sequestration statute". By order of the court a sequestrator was appointed to seize "shares of stock * * * and debentures" of National Theatre owned by defendants. The sequestrator's report showed that he had seized, among other property, certain debentures of National Theatres registered in the name of Ely A. Landau and others in the name of Oliver A. Unger, two of the defendants. The sequestrator did not take physical possession of the debentures, and the seizure was effected by the making of appropriate entries on the books of the corporation, in accordance with the established practice of the court.

Thereafter these defendants moved to vacate the seizure on the ground that the debentures are negotiable instruments having no situs in Delaware, which the court therefore had no power to seize, and that any attempted seizure or sale would be futile. The Vice Chancellor denied the motion and the two defendants appealed. (Unger has since abandoned his appeal.)

The question before us is a very narrow one, viz:

Are the seized debentures negotiable instruments under the law of the State of New York?

This question arises in this way:

Counsel are agreed that if the debentures are negotiable they have no situs in Delaware and may not be seized. *Bank of Jasper v. First*

*National Bank of Rome, Georgia,* 258 *U.S.* 112, 42 *S.Ct.* 202, 66 *L. Ed.* 490.

Counsel are also agreed that the question of negotiability is to be determined by New York law, as specified in the indenture pursuant to which the debentures were issued.

Counsel are also agreed that if the debentures are non-negotiable the debt represented by them may be seized under Delaware law. *Weinress v. Bland,* 31 *Del.Ch.* 269, 71 *A.2d* 59.

Our sole inquiry is therefore this: What is the New York law applicable to these securities?

The debentures are issuable as "registered debentures without coupons". One of the debentures issued to defendant Landau is payable to "Ely A. Landau, or registered assigns". The debenture also provides:

> "The Corporation, the Trustee, any paying agent and any Debenture registrar may deem and treat the registered Owner hereof as the absolute owner of this Debenture (whether or not this Debenture shall be overdue and not withstanding any notation of ownership or other writing hereon made by anyone other than the Corporation or any Debenture registrar), for the purpose of receiving payment hereof or on account hereof and for all other purposes, and neither the Corporation nor the Trustee nor any paying agent nor any Debenture registrar shall be affected by any notice to the contrary."

Section 2.05 of the indenture provided in part as follows:

> "Debentures to be exchanged shall be surrendered at the office or agency to be maintained by the Corporation for the purpose as provided in Section 6.02, and the Corporation shall execute and the Trustee shall authenticate and deliver in exchange therefor the Debenture or Debentures which the Debentureholder making the exchange shall be entitled to receive.

"The Corporation shall keep, at the office or agency to be maintained by the Corporation for the purpose as provided in Section 6.02, a register or registers in which, subject to such reasonable regulations as it may prescribe, the Corporation shall register Debentures and shall transfer Debentures as in this Article Two provided. At all reasonable times such register or registers shall be open for inspection by the Trustee. Upon surrender for transfer of any Debenture at such office or agency, the Corporation shall execute and the Trustee shall authenticate and deliver in the name of the transferee or transferees a new Debenture or Debentures for an equal aggregate principal amount. No transfer of any Debenture shall be valid unless made at such office or agency."

In the court below defendants urged that these debentures are negotiable under two decisions of the Court of Appeals of New York: *Zander v. New York Security & Trust Co.*, 178 *N.Y.* 208, 70 *N.E.* 449, and *Reynolds v. Title Guarantee & Trust Co.*, 240 *N.Y.* 257, 148 *N.E.* 514. The Vice Chancellor analyzed these decisions and concluded that they did not support defendant's contention. As he pointed out, the instrument before the court in the *Zander* case provided that it was "assignable only on the books of the company". That is substantially the provision in the debentures here involved. The court in the *Zander* case concluded that from the language of the instrument as a whole it was "not a negotiable instrument".

The subsequent *Reynolds* case, decided in 1925, holds nothing to the contrary, though it recognizes that the bonds were intended "to pass easily from purchaser to purchaser."

It is unnecessary for us to examine this question further, because in this court defendants have shifted their ground. They now assert that after the decision in the *Reyonds* case the legislature amended the New York Personal Property Law so as to make registered bonds negotiable. This argument appears to us to admit the correctness of the Vice Chancellor's interpretation of the New York decisions. Consequently we turn to the amendatory act now relied upon.

It is known as the Hofstadter Act, and was passed originally in 1926. The 1926 Act added three sections to the *New York Personal Property Law, McKinney's Consol. Laws,* c. 41, § 260, § 261, and § 262. These new sections related only to security receipts and equipment trust certificates, as defined in the act. § 261 provided for transfer of title by delivery by any person in possession. In 1930 the Hofstadter Act was amended by including "corporate bonds" within the scope of the statute. See § 260 as amended. In addition § 261, relating to negotiation, was also amended. Subdivisions 1 and 2 of that section now provide:

"1. The title to any security receipt or equipment trust certificate or corporate bond which by its terms entitled the bearer to the benefits thereof, may be transferred by the delivery thereof by any person in possession of the same howsoever such possession may have been acquired.

"2. The title to any security receipt or equipment trust certificate or corporate bond which, by its terms, entitles a person named therein to the benefits thereof and which provides, in substance, that title thereto is transferable with the same effect as in the case of a negotiable instrument, may be transferred by delivery thereof by any person in possession of the same, howsoever such possession may have been acquired if endorsed in blank, or if it is endorsed to a specified person and the delivery is made to such person."

Subdivision 1 is admittedly not applicable since it refers only to bearer bonds. But it is earnestly insisted that the effect of subdivision 2 is to make corporate registered bonds negotiable instruments, because it includes a "corporate bond which, by its terms, entitles *a person named therein* to the benefits thereof * * *." (Emphasis supplied by defendants.) This, it is said, is "our situation".

This argument ignores the remaining language of the statute. For § 261 to apply the bond must also provide, "in substance, that title thereto is transferable with the same effect as in the case of a negotiable instrument * * *".

The applicable provisions of the debentures here involved, quoted above, are to the contrary. Title is transferable only on the books of the trustees. Hence the Hofstadter Act is inapplicable.

Counsel seem to agree that there is no New York decision directly in point upon the matter. At any rate, no New York case cited to us seems to be helpful. We are referred, however, to the remarks of two commentators upon the effect of the Hofstadter Act upon the negotiability of corporate bonds.

They take differing views.

The first comment is found in an article by Roscoe T. Steffen and Harry E. Russell, *"Registered Bonds and Negotiability"*. 47 *Harv.L.Rev.* 741 (1943). In a footnote on *p.* 745, the authors refer to the Hofstadter Act in this language:

> "This act as originally adopted, applied only to interim certificates and equipment trust certificates, making them in some measure negotiable, but was later amended to include certain bearer bonds. Registered bonds, however, were not included within the statute."

The second comment is that of a writer of a report to the New York Law Revision Commission in connection with the Commission's study of a proposed Uniform Commercial Code. After considering the effect of certain amendments relating to negotiable securities, the report says:

> "As a part of the analysis of this provision, its effect upon the following instruments, all of which would be securities under the Code has been considered.
>
> \*     \*     \*
>
> *"Registered corporate bonds.* No changes. After *Reynolds v. Title Guarantee [& Trust] Co.,* 240 *N.Y.* 257, 148 *N.E.* 514 (1925) held registered bonds were not negotiable instruments under the N.I.L., they were made negotiable by the enactment of the Hofstadter Act (Pers.Prop.L., § 260 et seq.)."

It is to be noted that neither comment contains any analysis of the language of § 261, subdivision 2. It is our view that the first comment is more nearly correct, because we cannot reconcile the language of the debenture before us with the requirement of the Hofstadter Act that the terms of the bond must provide that title must be transferable as in the case of a negotiable instrument.

Defendant's argument, we think, proves too much. If the framers of the Hofstadter Act had wished to accomplish what defendants contend for, why did they not say plainly that all corporate bonds, registered or unregistered, are negotiable? On the contrary, they recognized the distinction between bearer and registered bonds, and included under the act only such registered bonds as contained language embodying the idea of negotiability.

We are of opinion that the seized debentures are not negotiable instruments under New York law, and that the seizure is valid.

The order of the Vice Chancellor is affirmed.