■ HENRY G. JARECKI, Appellant, v SHUNG MOO LOUIE et al., Respondents. [700 NYS2d 152] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered April 13, 1999, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied and the cross motion granted directing specific performance of the subject option contract. Defendants are directed to provide plaintiff with an assignable contract of sale within 30 days after the date of this order. Appeal from order, same court and Justice, entered February 26, 1999, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The parties to this sublease with option to purchase the shares allocated to the cooperative unit negotiated its terms at considerable length with the assistance of counsel (*see, City of New York v Stack*, 178 AD2d 355, *lv denied* 80 NY2d 753). It is undisputed that the purchase option was exercised within the time specified, at which time it became binding upon defendants (*Kaplan v Lippman*, 75 NY2d 320, 325). While one draft of the lease rider provided that the *option* was subject to approval by the cooperative corporation's board of directors, the final version provides that the *purchase* is subject to board approval. Thus, the failure of the board to grant its approval vitiated the contract of sale, which is nonassignable, but did not invalidate the option contract, which remains in effect.

The law favors the free assignability of contract rights, and the parties may " 'limit the freedom of alienation of rights and prohibit the assignment' " only by an express provision to the contrary (*Allhusen v Caristo Constr. Corp.*, 303 NY 446, 452, quoting *State Bank v Central Mercantile Bank*, 248 NY 428, 435). The purchase option in dispute does not expressly bar assignment, and the form sublease contains a succession provision that clearly contemplates its assignment. The right of the cooperative board to approve or reject the ultimate purchaser of the shares to defendants' unit is not abrogated by plaintiff's freedom to assign the purchase option. However, neither are plaintiff's rights under the option subject to defeasance by the board's prerogative to reject a specific purchaser. Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.