MARTIN BULLARD *vs*. ABRAHAM G. RANDALL & Trustees.

A check for a part of the drawer's funds in a bank constitutes no assignment of that part of such funds, until presented for payment, and accepted by the bank, although verbally assented to by the cashier, when absent from the bank.

A debtor, being sued and a bank summoned as his trustees, gave his creditor a check for a part of his general deposit in the bank, which the creditor delivered to the cashier, when absent from the bank, together with an order for the discharge of this trustee process, when the amount of the check should be transferred from the debtor's account to his own on the books of the bank. *Held*, that this did not constitute such an assignment of part of the funds of the debtor in the bank, as would hold against a trustee process served on the bank by another creditor before the amount of the check was so transferred on the books of the bank.

SHAW, C. J.* The question before us arises on the answer of the Millbury Bank, summoned as trustees of Randall. They admit that, at the time of the service of this process upon them, a balance of money deposited was credited to Randall upon their books. But they contend that, by force of the transaction set forth in their answer, $300, part of said balance, had been legally or equitably transferred to Jonathan Day, and that they were responsible to him for it.

From the facts stated in their answer it appears, that Day had, previously to the 30th of September 1852, commenced a suit against Randall, and summoned the bank as trustees. The banking house of said bank is held and kept at Millbury, and their general business is done there. On the said 30th of September, Day, Randall, and Farnum, cashier of the bank, met at Worcester. Randall there delivered to Day a check on the bank for $300. Day handed the check to Farnum, with an order that, when the check should be paid from Randall's funds, and carried to Day's credit on the books of the bank, his trustee process should be discharged. On the cashier's arrival at the bank, with this check and order, after bank hours, he was informed by the president, Farnsworth, that this trustee process had been served on him, as an officer of the bank, during the cashier's absence, with some others, but none earlier than the

---

* THOMAS, J. did not sit in this case.

51*

present plaintiff's. It further appears, that on the next morning, October 1st, as soon as the bank opened, the cashier charged the check to the deposit account of Randall, and carried the same amount to the credit of Day.

The only question, presented to us upon the answer, is whether Day's check or Bullard's attachment had the prior legal claim to this fund, to the extent of said $300. The court of common pleas decided in favor of Day, and from this decision the plaintiff appealed.

There is no doubt, that the summons left with the president was a good service on the bank, and bound them from that time. It is also to be remembered, that the facts do not make it certain whether the attachment at Millbury, or the delivery of Randall's check in favor of Day to the cashier at Worcester, was first in the order of time. But in the view we take of the case, this question is immaterial.

In the first place, the court are of opinion that the transaction at Worcester was not an assignment, as of a chose in action, by Randall to Day, of a part of the debt due to him from the bank, creating an equitable transfer. It was a draft on a bank, at sight, for a fixed sum, payable out of a general deposit of the drawer, being a larger sum standing to his credit. Such an order is held not to be an assignment. *Gibson* v. *Cooke*, 20 Pick. 15.

As a check on a bank, it was not available to Day until it reached the bank, which was after the service of the plaintiff's process. A check is an order to pay the holder a sum of money at the bank, on presentment of the check and demand of the money; no previous notice is necessary, no acceptance is required or expected, it has no days of grace. It is payable on presentment and not before. Mere notice to the bank, that a party holds a check, without presentment and demand, will not bind the bank; and if there be funds, when notice is thus given, without presentment for payment, by the holder, and in the mean time other checks of the same drawer are presented and the fund paid out upon them, the bank are not liable. The cashier has no authority from the bank to pay the money else-

where. In the present case, he was merely the agent of Day to take the check to the bank, and receive the money for him, and so the parties considered it. When it reached the bank, it was to be charged to Randall's account, and credited to Day, and then, and not before, it was to be deemed paid. Checks are not payable in the order of priority in which they are given, but in that in which they are presented. Had other checks been presented at the bank at Millbury, after Day's was given to the cashier at Worcester, before the close of the bank hours on that day, they would have had precedence of Day's, though in the cashier's pocket. Nor would the cashier's assent enure, by way of acceptance or otherwise, to give it effect, so as to give it a preference over other checks, presented before it was carried to the bank and entered; and we see no reason why a trustee process, operating by law to bind the fund in another form, should not have the same effect. Were it the practice of banks to accept checks, and thereby bind the bank to their payment, it would be necessary to keep a separate account with the depositor, in which all such acceptances should be charged; such acceptance being as effectual a reduction of the deposit as actual payment, making the bank, from the time of such acceptance, a debtor to the holder, and discharging them as debtor to the drawer; otherwise, a bank would never know, on the presentation of a check, whether the drawer had funds to pay it or not. But if it must be presented, accepted and charged, before it can avail the holder, this must necessarily be done at the bank, and the verbal assent of the cashier elsewhere could not avail the holder.

The court are therefore of opinion, that the sum of $300 credited to Day, ought not to have been so credited and deducted from the sum for which the trustees were chargeable; and to this extent the appeal of the plaintiff is sustained.

*G. F. Hoar*, for the plaintiff.

*E. B. Stoddard*, for the trustees.