The Chicago Marine and Fire Insurance Company, Plaintiff in Error, *v.* George W. Stanford, who sues for the use of Jasper D. Ward, Defendant in Error.

### ERROR TO THE SUPERIOR COURT OF CHICAGO.

A depositor may draw checks upon his banker at pleasure, for the whole or any part of moneys to his credit in bank ; and each holder of a check may recover the amount expressed in it. A depositor should draw his checks in good faith, and not to multiply suits.

This action was commenced before a justice of the peace, by Stanford against the plaintiff in error.

On the trial before the justice the plaintiff obtained judgment, and the defendant appealed to the Superior Court of Chicago, where the case was tried by the court without the intervention of a jury, and Stanford again had judgment against the plaintiff in error.

On the trial, the plaintiff (Stanford) offered in evidence the following check :

"Chicago, June 20, 1861.
"Chicago Marine and Fire Insurance Company, pay to J. D. Ward or bearer, ninety-five dollars. ($95.)                    G. W. STANFORD."

And proved by *D. J. Avery* that on the 24th June, 1861, he presented that check for payment to the defendant, which was

refused, save in Illinois bank notes that were then uncurrent, worth sixty or seventy cents on the dollar, which he refused to receive, but demanded par funds in payment of it.

Plaintiff then called for the bank ledger of defendant, which was produced, and showed a balance of $165 due plaintiff from defendant for money deposited with it by plaintiff, and which sum stood to the credit of plaintiff at the time the check was drawn and presented for payment, and also at the commencement of this suit.

It was then admitted by the parties that defendant (plaintiff in error) did a banking business at Chicago; that plaintiff had for several months kept an account with it as a depositor, in the usual course of business between banks and their depositors; and that the check offered in evidence was drawn for a part of the sum due from defendant to plaintiff for money deposited.

The plaintiff then admitted that, June 21, 1861, he drew another check, in favor of E. F. Runyon, for $60, part of the same account, for money deposited with defendant by plaintiff, at which time there was a credit to plaintiff of $165 for money deposited, which check was presented for payment to defendant on the 22nd June, 1861, and payment of it was refused, except in Illinois bank notes, worth sixty-five cents on the dollar, which were refused by plaintiff.

That on the same day plaintiff brought suit against defendant in his own name, to the use of said E. F. Runyon, to recover the amount due upon said check before a justice of the peace in Chicago, and recovered judgment in that case on the 27th June, 1861, for the amount of the check, $60, and costs.

It was also admitted that defendant (plaintiff in error) appealed from that judgment to the Superior Court of Chicago, and that case came on for trial at the same term of court with the present case, and was tried, and a judgment rendered in favor of the plaintiff for the amount of the check and costs.

That said check and judgment were for a part of the same account for which this action was brought, and which judg-

12

ment was entered before the present cause was brought on for trial.

The defendant offered in evidence the record and proceedings in the cause of George W. Stanford, to the use of E. F. Runyon, against the defendant, being the same proceedings hereinbefore referred to, as evidence of a former suit and recovery of a part of the same account for the recovery of which this suit is brought, as a bar to the maintenance of this action to recover the residue of said account.

Defendant then insisted that its indebtedness to plaintiff for money deposited, could not be divided into several suits, each for a part of the same account, and that the record and proceedings in the case of Stanford, to the use of Runyon, against the defendant, being admitted to be for a part of the same account, for the residue of which this suit was brought, was a bar to the present action.

Which the court refused to hold, and rendered judgment for the plaintiff for the amount of said check, and interest, being for the balance of said account.

Motion for a new trial by defendant overruled.

The errors assigned are—

That the court erred in refusing to hold that the indebtedness of plaintiff in error to defendant in error could not be split up into several suits, each for a part of the same account.

That the court erred in not holding the record and proceedings in the case of Stanford, to the use of Runyon, against the Chicago Marine and Fire Insurance Company, a bar to the maintenance of this action.

That the court erred in rendering judgment for the plaintiff below.

That the court erred in not rendering judgment for the defendant below.

THOMAS HOYNE, and McCAGG & FULLER, for Plaintiff in Error.

The case presents this single question for the decision of the court:

Can a depositor with a bank "split" his deposit account

into as many sums as he sees fit, and maintain a separate action for each sum, in his own name, against the bank?

The plaintiff in error insists that he ought not to be allowed to do this; that the indebtedness from the bank for such deposits is entire; that, although the bank may be liable to pay in parcels to the holders of checks drawn by depositors, as the latter may direct, yet when the latter brings an action in his own name to recover the deposit, he ought not to be allowed to divide it into separate suits, as the whole sum can be recovered in one, and all the rights of the parties completely settled without in any way limiting or affecting any rights which the holder of a check, drawn by a depositor upon a bank, may have secured to him by the principles established in the case of *Munn et al.* v. *Burch et al.*, 25 Ill. 35.

"It is a well settled rule of law, that an entire contract cannot be divided so as to compel a party to perform it in parcels, either to different persons or at different times." *Stone* v. *Pratt et al.*, 25 Ill. 24.

We insist that the facts of the case warrant the statement, that two suits instead of one were brought, merely to give jurisdiction to a justice of the peace in favor of one who had a larger sum due him than was within that jurisdiction.

"The institution of several suits, when all the ends of justice might have been attained by one, is considered oppressive." Gould's Pleading, chap. 4, page 103.

The case of *Planters' and Mechanics' Bank of Columbus* v. *Chiply*, part 1, Georgia Decisions, 50, seems to have been a very similar case to the present, although the facts are not very fully reported. See Chitty on Pleading, 199, and note.

*Hess, Executor,* v. *Huble*, 6 Serg. & Rawle, 58, where the principles involved are fully stated and enforced.

*Melleck* v. *Dawson*, 2 Hallington (Del.) 50, where a horse having been sold for $50, the creditor brought two suits merely to give a justice jurisdiction, which the court decided he should not do.

But the books are full of cases of similar import. *Camp.* v. *Morgan*, 21 Ill. 255; *Dalton* v. *Beattey*, 15 Ill. 420; *Smith.* v. *Jones,* 15 John. 228—432; *Miller* v. *Covert*, 1 Wend. 487.

*Sears* v. *Sturgis*, 16 N. Y. 548 ; *Clark* v. *Baker*, 5 Metc. 452 ; *Davis* v. *Maxwell*, 12 Metc. 286 ; *Clark* v. *Baker*, 22 Pick. 459.

The action having been brought before a justice, the former recovery of a part of the plaintiff's demand against the defendant below, was properly in evidence, and with like effect as if pleaded. *Comstock* v. *Ward*, 22 Ill. 248.

And being thus given in evidence, is as conclusive as if specially pleaded. *Gray et al.* v. *Gillilan et al.*, 15 Ill. 460 ; *Camp.* v. *Morgan*, 21 Ill. 255.

Which enforces the doctrine that one suit only can be maintained upon an entire demand, in a very stringent manner.

J. D. WARD, and E. F. RUNYON, for Defendant in Error.

Can a depositor draw his check on his banker who has funds of depositor, in the ordinary course of business, and can the holder of such check maintain suit for his use against such banker ?

The answer to this is well settled by the authorities in the affirmative. *Munn* v. *Burch*, 25 Ill. 35.

The check of Stanford, made and delivered in the ordinary course of business to Ward, entitled him to the money it called for. It was "an absolute appropriation of so much money in the hands of the banker," to Ward. 3 Kent's Com., 7th ed., page 132, note c ; *Munn* v. *Burch*, 25 Ill. 35.

When Stanford deposited his money with the plaintiff in error, it undertook to pay it out in such amounts, and to such parties, as Stanford by his check might designate; for that is the nature of the contract between a banker and his customer. Chitty on Contracts, 18 ; Chitty on Bills, 514 ; Parsons' Mercantile Law, 91, 130.

And for this reason all the argument of plaintiff in error about " splitting up of contracts," does not apply.

The bank was not liable to pay any amount, until demanded. After such demand was made, it was liable to pay just the amount demanded, to Ward, whom Stanford had, by his check, given in the ordinary way, designated as the person entitled to the same.

And Ward being the party in interest and to be benefitted by the check, may maintain suit, and Mr. Stanford himself could not prevent it.    Story on Promissory Notes, sec. 489 ; Parsons' Mercantile Law, 91.

CATON, C. J.    The decision of the case of *Munn* v. *Birch*, 25 Ill. 35, was not made till after the most mature investigation and consideration.    We have re-examined what we there said, and are but confirmed in the correctness of the principles there laid down.    The banker who keeps a deposit account with his customer, agrees that the depositor may draw out his deposit in sums as he may find convenient, and that he will pay his checks when presented, and to whoever may present them, whether it be the depositor or another, who may be the rightful holder of them.    The agreement is not as now insisted by the defendant below, that if the depositor checks in his own favor, he shall check for the full amount of his deposit.    If the banker finds the depositor a troublesome customer, so that the account is not a desirable one, he may tender the full amount of the deposit, and refuse to receive more, and thus close the account ; and after that, if the depositor should refuse to receive the money, his right to draw out the deposit in parcels would be terminated, unless, perhaps, there might be an exception in favor of the *bona fide holder* of his check.    But until the account is thus closed, the agreement to pay in parcels continues, and each check drawn *bona fide*, and not for the mere purpose of creating separate demands, does create a separate demand for which a separate action may be brought by the holder of the check, whether that holder be the depositor or another, as distinct and separate from the general account as would be separate promissory notes for the same amounts.    Where there is a real controversy as to the account between the bank and the depositor, and the latter, for the mere purpose of vexation and not in the regular course of business, should draw small checks that he might commence separate suits upon them, the courts would no doubt find an efficient remedy, but there is nothing in this case showing that such was the purpose in drawing the several

checks here. For aught that appears, they were drawn *bona fide* in favor of the payees in the regular course of business. They might have brought actions upon them in their own names had they so chosen, or they could return them to the drawer and use his name to recover the amount, as they did.

The judgment must be affirmed.

*Judgment affirmed.*