Spear, J.
The question presented is whether or not a payee of a bank check can maintain an action against the bank, where the latter, on presentation, refuses to pay it, the drawer having at the time a credit on the books of the bank more than sufficient to meet the cheek?
Questions bearing some relation to this have been considered by this court, but the precise question has not heretofore been determined.
Authority is found supporting’ the affirmative of this proposition. The grounds' urged are not identical in all cases, nor is the reasoning wholly consistent, but the following is believed to be a fair resume of the conclusions: Because of the universal usage of banks to cash the checks drawn by a depositor, where he has sufficient unincum *67 bered balance standing to his credit, a duty is implied on the part of the bank to so pay, and the holder takes the check relying upon this usage. Serious injury may result to the holder by the bank’s refusal to' pay, for, while he may have an action against the drawer, that would prove delusive in the frequent instance of the drawer’s insolvency, and the bank’s wrongful action would be the real cause of the loss. The law, therefore, implies a contract on the part of the bank with its depositors to pay their checks as presented so long as the fund is sufficient, and should, for like reasons, imply a contract with whomever may become the holder of such cheek to pay on presentation. The check is treated as an equitable assignment pro tanto of the fund in the hands of the bank, and, by the act of presentation the check-holder is brought in privity with the bank, his right to sue completed, and he may sue the drawer and the bank in one action, the former as drawer and the latter as an implied acceptor. He may also sue the drawer on the check’s dishonor, or the bank for money had and received.
Forcible and ingenious arguments in support of the right to maintain the action are presented by Mr. Morse, in his valuable work on Banking, by Mr. Daniels in his treatise on Negotiable Instruments, vol. 2, section 1638, where the arguments pro and con are stated and ably reviewed, and by a number of decisions, some of which áre the following: Munn v. Burch, 25 Ill., 35; Ins. Co. v. Stanford, 28 Ill., 168; Bank v. Bank, 80 Ill., 212 (but see opinion in Bank v. Bank, 7 Bissell, U. S., 195); Roberts v. Corbin, 26 Iowa, 315 Lester v. Given, 8 Bush, 358; Fogarties v. Bank, 12 South *68 Carolina, 518 ; Gordon v. Muchler, 34 La. Ann., 608; Fonner v. Smith, 31 Neb., 107.
The contrary doctrine is maintained by many text writers and decisions. Following are some of the authorities: -Randolph on Commercial Paper, vol. 2, p. 280; Pomeroy’s Equity Jurisprudence, section 1284 ; Van Schaack on Bank Checks, 212; Bank v. Millard, 10 Wallace, 152; Bank v. Whitman, 94 U. S., 343; Bank v. Schuler, 120 U. S., 514; Mining Co. v. Brown, 124 U. S., 391; Bank v. Bank, 46 N. Y., 82; Attorney-General v. Ins. Co., 71 N. Y., 325; Bullard v. Randall, 67 Mass., 605; Carr v. Bank, 107 Mass., 48; Saylor v. Bushong, 100 Pa., St., 23; Kuhn v. Bank, 11 Atl. Rep. (Pa.), 440; Bank v. Shoemaker, 117 Pa. St., 94; Creveling v. Bank, 46 N. J., Law, 255; Moses v. Bank, 34 Md., 580; Purcell v, Allemong, 22 Grat., 742; Harrison v. Wright, 100 Ind., 538; Grammel v. Carmer, 55 Mich., 201; Brennan v. Bank, 62 Mich., 343; Bush v. Foote, 58 Miss., 5; Bank v. Merritt, 7 Heisk, 177; Pickle v. Muse, 88 Tenn., 380; Cashman v. Harrison, 90 Cal., 297; Boettcher v. Bank, 15 Col., 16; Satterwhite v. Melczer, 24 Pac. Rep. (Arizona), 184; Hopkins v. Forester, L. R. Eq., 74; Wald’s Pollock on Contracts, 190, 204; 2 Ames’ Bills and Notes, 735.
It is not doubted that, as a general proposition, there can be no cause of action upon a contract unless there is privity of contract between the obligor and the party complaining. But it is urged in argument here that while the want of privity is a good objection to the action in those states which deny the right of a third party for whose benefit a contract is made to maintain an action upon it, in Ohio the objection of want of privity cannot prevail for the reason, as held bjr this court in a number of *69 cases, that an agreement made on a valid consideration by one person with another, to pay money to a third, can be enforced by the latter in his own name, and that the third person is not named does not affect the right to enforce it. The most recent case involving this principle is that of Emmitt v. Brophy, 42 Ohio St., 82. The action was upon a bond given by Emmitt to the county commissioners in the sale of a bridge by the Scioto Bridge Co., in which Emmitt obligated himself “to pay off and liquidate all claims and demands, whether in judgment or otherwise, existing against said bridge, so that the full use of said bridge may enure to the public without let or hindrance. ’ ’ Brophy at the time was a judgment creditor and the owner of all of the claims enumerated in the bond. Owen J., in the opinion, after reciting the facts, observes : “These facts are strongly suggestive that it entered into the contemplation of the parties to this bond at the time of its execution, that this particular lien of the plaintiff upon the bridge was to be ' discharged by Emmitt. Its existence was known to them, and they seem to have left nothing to conjecture. Indeed, if Brophy and Potter had been expressly named as the lien-holders, it is difficult to see how this would have added to the definiteness of the bond, or made more certain the intention of the parties. This seems *to be a conclusive answer to the suggestion that there is want of privity.”
No one of the cases cited carries the doctrine farther than the foregoing. In no one of them is it held that a right to sue in a stranger can be raised by mere implication. No where is it held that the obligation will attach in favor of future creditors not named and not known, and as to *70 amounts not specified or then ascertainable, to the extent of giving to such creditors a right of action on the contract. It must be apparent, even on brief reflection, that it does not follow from these decisions that there is privity between check-holder and bank before acceptance, and that in order to cover the case at bar a marked extension of the doctrine must be made. Reasons urged for such extension, however plausible, do not seem sufficient.
On the contrary, strong reasons against the proposition may be adduced, among others, this: The transaction of giving the check does not, as will be shown further on, substitute the check-holder for the drawer. The latter may maintain an action for the breach of the contract to honor his check, and if the holder has a similar right, the result is that two persons may maintain separate actions upon the same instrument at the samé time to recover against the same defendant as a principal debtor. The inference that the right to recover by the check-holder is denied only in the states where a right of recovery is refused to one for whose benefit a contract is made by another, arises from a misapprehension of the authorities. In many states where the right of a check-holder to sue the bank is not assented to, the right of one for whose benefit* a contract is made to recover upon it is recognized. See Lawrence v. Fox, 20 N. Y., 268; Burr v. Beers, 24 N. Y., 178; Coster v. The Mayor, 43 N. Y., 399; Merriman v. Moore, 90 Pa. St., 78; Huyler v. Atwood, 26 N. J. Eq., 504; O'Neal v. Commissioners, 27 Md., 240; Crawford v. Edwards, 33 Mich., 354; Miller v. Thompson, 34 Ib., 10; Heim, v. Vogel, 69 Mo., 529; Fitzgerald v. Baker, 70 Ib., 685; Cross v. Truesdale, 28 Ind., 44 ; Brice v. King, *71 1 Head’s (Tenn.), 152; Greeny. Morrison, 5 Col.,. 18.
It is insisted that the ease should not turn alone on the legal idea of privity, for, under our system of procedure, it is immaterial whether the interest of the paj^ee against the hank is legal or equitable, and that the action here may be maintained on equitable grounds. In a well-considered case, Covert v. Rhodes, 48 Ohio St., 66, this court held that ‘ ‘a bank check or draft for a part of the sum due the drawer, does not, before acceptance by the drawee, constitute an equitable assignment of the amount for which-it is drawn.” The conclusion is amply sustained by the reasoning’ of the opinion, and no discussion is necessary. If there is no equitable assignment of the debt pro tcmto, how can equitable considerations prevail? The proceeding is not an equitable one; and .if it were, we do not understand that equity has different rules from thosé of law with respect to the rights and obligations of parties to negotiable paper. As applicable to such case we believe that reason, and the great preponderance, of authority,- establish the following conclusions : The relations of bank and general depositor is simply the ordinary one of debtor and creditor, not of agent and principal, or trustee and cestui que trust. The bank agrees with its depositor to receive his deposits, to account with him for the amount, to repay to him on demand, and to honor his checks to the amount of his credit when the checks are presented; and for any breach of that agreement the bank is liable to an action by him. The deposits become the absolute property of the bank, impressed with no trust, and the bank’s right to use the money for its own benefit is immediate and continuous, which right con *72 stitutes the consideration for the bank’s promise to the depositor. The bank’s agreement with the depositor involves or implies no agreement with the holder of a check. The giving of a check is not an assignment of so much of the creditor’s claim; it passes no title, legal or equitable, to the holder in the moneys previously deposited, nor ■ does it create a lien on the fund, for there is no special fund out of which the check can.be paid, nor does it transfer any money to the credit of the holder ; it is simply an order which may be countermanded and payment forbidden by the drawer any time before it is actually cashed or accepted. If accepted, then the agreement is to pay according to the terms of the check or acceptance; but until then the payee looks exclusively to the drawer. He can maintain no action against the bank, for the bank owes to the payee no legal duty, and an action at law cannot be maintained except there is shown to have been a failure in the performance of 'legal duty. Being liable to the drawer to account with him for failure to honor his check, the bank cannot, either on legal or equitable considerations, be held at the same time liable to the holder of the check.
Tested by these rules, the plaintiff could have, no cause of action against the bank, and the superior court committed no error in the judgment rendered.

Judgment affi/rmed.