ALEXANDER ULLMAN, Appellant, v. WILLIAM ZARET and ALFRED D. MILLER, Respondents.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. This court has heretofore held that the complaint in this action states a cause of action (223 App. Div. 853). Plaintiff, by proof of the allegations of his complaint, presented a *prima facie* case, and he was not required to establish that the vendor either performed or offered to perform by the tender of a deed to the premises, for any failure upon his part to perform under the contract is not attributable to this plaintiff. Furthermore, defendant Miller might enforce specific performance by the vendor. (*Epstein* v. *Gluckin*, 233 N. Y. 490.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

VICTORY CLEANERS & DYERS, INC., Respondent, v. WILLIAM KASHNER, SAMUEL KASHNER, HENRY L. HAMMER, BARNETT NASSAU and ASTOR CLEANERS & DYERS, INC., Appellants.— Order granting plaintiff's motion for an injunction modified by substituting, in place of the decretal part thereof, the following: " Ordered, that the said motion be and the same hereby is granted as hereinafter stated upon the giving of an undertaking to be approved by this court and pursuant to law in the sum of $2,500; and it is further ordered that defendants and each of them are hereby enjoined, restrained and prohibited from enticing, inducing or influencing the employees of plaintiff to leave its employ, and from employing, during a period of eighteen months from the 18th day of February, 1928, any of plaintiff's employees who were in its employ on that date, and from employing any of plaintiff's employees who may be in its employ at any time during said period of eighteen months." As so modified, the order is affirmed, without costs. To the extent that the order goes further than as thus modified, it was not warranted by the affidavits submitted by plaintiff. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

JOHN L. SPENCE, Respondent, v. EMILE BENOIST & Co., INC., and JACOB K. REIKER, Appellants.—Application denied, with ten dollars costs.

THE ATLANTIC MACARONI CO., INC., Respondent, v. FANNY M. SCHIAFFINO and ERASMO SCHIAFFINO, Appellants.— Judgment reversed upon the law, with costs, and complaint dismissed, with costs. The alleged promises were collateral and, therefore, since not in writing, were not binding upon defendants against the plea of the Statute of Frauds. In view of this disposition of the case, the appeal from the order denying the motion for a new trial is dismissed. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.