JAMES W. GERARD, Respondent, *v.* BANK OF NEW YORK AND TRUST COMPANY, Appellant.

(Argued October 10, 1934; decided November 20, 1934.)

*George W. Martin* and *John L. Merrill, Jr.*, for appellant.

*Frank C. Laughlin, Stewart W. Bowers* and *Veronica T. Hyland* for respondent.

O'BRIEN, J. In the year 1874 plaintiff's parents deposited with defendant's predecessor The New York Life Insurance and Trust Company the sum of $3,000. The instrument by which this sum was acknowledged to have been received is denominated on its face as " Trust of Accumulation " and the conditions therein stated are: " That the said company shall and will accumulate the said principal sum, by allowing compound interest thereon, at the rate of five (5%) per cent semi-annually; and the whole sum, principal and interest, so accumulated, to be paid to the said Trustees or the survivors of them or their executors, administrators or assigns on demand." During the month of July, 1922, correspondence and oral conversations occurred between plaintiff and officers and attorneys of defendant bearing upon the liability of defendant to continue this deposit at the same rate of interest, and on July 25, 1922, defendant's attorneys addressed a communication to plaintiff which ended with these words: "As stated in the letter from the Trust Company to you, dated July 10, 1922, the rate of interest after August 1, 1922 will be reduced to 3%. If this is not acceptable to you the Trust Company will be prepared, of course, to pay over the amount of the deposit

to the proper person forthwith, or, if you prefer, we will be glad to cooperate with you in any way you may suggest to obtain a construction in any appropriate court as to the rights and obligations of the interested parties under this certificate of deposit or trust for accumulation." No doubt defendant had the same right as the depositor to end the relationship at that or any other time by paying back the amount of the deposit with interest at the agreed rate up to the date of an actual severance of such relationship. Neither at that time nor any time, however, prior to June 16, 1926, did defendant terminate the mutual relationship of debtor and creditor. Its letter of July 25, 1922, certainly has no such effect. In that communication defendant went no further than alternatively to express a willingness to be prepared to make payment forthwith in the event of plaintiff's election or to continue the deposit pending an adjudication of legal rights. The Appellate Division correctly describes the effect of that offer as " an invitation to further negotiations." (240 App. Div. 531, 536.)

After this disagreement between the parties, the account remained with defendant until June 16, 1926, when plaintiff made demand for the deposit with interest at five per cent up to that date. Defendant on the same day delivered to plaintiff a check for the sum of $36,248.43 which includes the principal with interest at five per cent up to August 1, 1922, and interest at three per cent after that date. Plaintiff accepted the check and surrendered to the representative of the trust company the original instrument with the following indorsement: " I admit the receipt of $36,248.43 to be applied on account of the indebtedness covered by within note. I do not admit that this constitutes payment in full of the same."

This action is brought to recover the sum of $2,861.16 which represents the difference in interest at five per cent and at three per cent from August 1, 1922, to June 16, 1926. The complaint alleges that plaintiff is the owner

and holder of a certain "promissory note" called a Trust of Accumulation and sets forth the instrument in full and throughout the complaint reference is made to it as a "note." Plaintiff's receipt indorsed on the instrument describes it as the "within note." In his testimony plaintiff speaks of it as "the note * * * or the instrument, or whatever you choose to call it," and on June 16, 1926, in making demand upon the trust company he said: "If it is not a trust, if it is a negotiable instrument or a demand note, then I ask for payment." While the instrument is assignable, it lacks some of the formal, verbal elements of negotiability, but the parties have treated it, both by pleading and by description at the trial, as a promissory note, payable on demand and establishing the relation of debtor and creditor in the nature of a certificate of deposit. On the face of the instrument, partially obscured by the revenue stamp, are printed the words: "For all deposits of $1000 and over three days notice will be required previous to being withdrawn." Such an instrument payable to a named individual or his assigns on demand, even when the words "payable to order or bearer" are omitted, may be treated as a negotiable instrument where it is apparent from the whole nature of the instrument and the language employed that such was intended to be its character. (*Zander* v. *New York Security & Trust Co.*, 178 N. Y. 208, 211; *Nelson* v. *Citizens' Bank*, 191 App. Div. 19; affd., on opinion below, 232 N. Y. 581.) As in the *Zander* case, this deposit with accrued interest is payable to the depositor's "assigns," but the words, "which is assignable only on the books of the company," do not appear in the instrument before us. This court expressed the opinion that, except for the presence of those words, the certificate in the *Zander Case* (*supra*) might be claimed, not without force, to be intended to be negotiable. The statute under which defendant's predecessor was incorporated (Laws 1830, ch. 75, § 16) provides that certificates of stock and of

moneys received in trust issued by it shall be assignable on the books of the corporation, but this certificate does not so provide nor is any defense of *ultra vires* pleaded. The complaint alleges that plaintiff is the owner and holder of this promissory note and concededly he was the rightful owner and holder of it until he surrendered it to defendant. Defendant under its act of incorporation was authorized to receive deposits and to issue certificates of deposit. An instrument such as the subject of this litigation may reasonably be regarded as a negotiable instrument (Magee on Banks and Banking [3d ed.], § 222; Morse on Banks and Banking [4th ed.], § 298), and when the parties have treated it as such and proceeded to trial upon that theory, courts ought not to indulge in the assumption that it is anything other than a negotiable demand note. The parties to this contract have construed it for themselves and the courts. Although this instrument was executed prior to the enactment of the Negotiable Instruments Law (§ 200, subd. 5) by the rule at common law the surrender of the note by the payee to the maker operates as a discharge. (*Jaffray* v. *Davis*, 124 N. Y. 164, 170.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs to the appellant in this court and in the Appellate Division.

CRANE, J. (concurring). With the result reached by Judge O'BRIEN I am in accord but for an additional reason. The instrument relied on reads as follows:

" TRUST OF ACCUMULATION

" No. 2289

" $3,000.

" The New York Life Insurance and Trust Company acknowledge to have received of James W. Gerard and Jenny A. Gerard, trustees for James W. Gerard, No. 3, the principal sum of Three thousand Dollars upon the following Trust: That the said Company shall and will

accumulate the said principal sum, by allowing Compound Interest thereon, at the rate of five (5%) per cent. semi-annually; and the whole sum, principal and interest, so accumulated, to be paid to the said Trustees or the Survivors of them or their executors, administrators or assigns on demand.

" In Witness Whereof, the said Company have caused this declaration to be attested in their behalf by their President and Secretary, this eighteenth day of June in the year of our Lord one thousand eight hundred and seventy-four.

" (Signed)   HENRY PARISH,

" *President.*

" (Signed)   WILLIAM MEIKLEHAM,

"*Asst. Secretary.*

{ U. S. Internal Revenue }
{   Stamp $5.00 attached }

" For all deposits of $1,000 and over three days' notice will be required previous to being withdrawn."

There is nothing in this writing to state how long the trust company agrees to hold the money nor for how long a time the trustees will leave it on deposit. They may take it out at any time for it is due on demand. There is no agreement, however, that the trust company shall hold it for any specific time or at the pleasure of the trustees. The trust company had the same right as the trustees to end the relationship at any time by paying back the money. No bank or trust company in the absence of a specific agreement is obliged to hold any deposit for a specific length of time. It may end relationships with its depositors or those for whom it is holding money upon proper notice and within a reasonable time after a demand to close the account. Magee on Banks and Banking ([3d ed.] § 170, p. 271) says: " The relationship existing between the bank and the depositor may at any time, by either party at option, be dissolved. This rule holds unless the bank has accepted a deposit and agreed with the depositor to retain the same for a specific time

and pay interest thereon for the use and retention of said deposit; in such a case, the deposit is received in the nature of a special contract, and is binding upon the bank and the depositor." To the same effect is 7 Corpus Juris (628, § 303); Morse on Banks and Banking ([6th ed.] § 178, pp. 498, 499); *Chicago M. & F. Ins. Co.* v. *Stanford* (28 Ill. 168); *Reid* v. *Charlotte Nat. Bank* (159 N. C. 99, 101); *Elliott* v. *Capital City State Bank* (128 Iowa, 275). A demand note is due forthwith. (*Wheeler* v. *Warner*, 47 N. Y. 519.) A certificate of deposit is also due upon actual demand. (*Cottle* v. *Marine Bank*, 166 N. Y. 53.) There is nothing, however, in either of such instruments to prevent payment before demand where the transaction remains between the original parties.

The defendant through its attorneys notified the plaintiff, stating that the defendant would not pay more than three per cent interest after August 2, 1922, and that if this were not satisfactory the plaintiff should draw out the deposit, which the defendant was ready to pay. Payment is always made at a bank, and after this notice, if the plaintiff left the deposit there, he acquiesced in the payment of three per cent instead of five. He had been notified that the bank was ready to pay the deposit and would not hold it any longer at five per cent. He could not force the money upon the trust company in the absence of any written agreement to hold it for a specific length of time.

For these reasons I agree with the result, that the plaintiff has been fully paid, and that the complaint should be dismissed.

LEHMAN, HUBBS, CROUCH and LOUGHRAN, JJ., concur with O'BRIEN, J.; CRANE, J., concurs in separate opinion; POUND, Ch. J., dissents.

Judgment accordingly.