SQN Asset Servicing, LLC v Shunfeng Intl. Clean Energy, Ltd. (2020 NY Slip Op 01399)





SQN Asset Servicing, LLC v Shunfeng Intl. Clean Energy, Ltd.


2020 NY Slip Op 01399


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


652604/17 11158NA 11158N

[*1] SQN Asset Servicing, LLC, Plaintiff-Respondent,
v
Shunfeng International Clean Energy, Ltd., Defendant-Appellant.


Davis Wright Tremaine LLP, New York (John M. Magliery of counsel), for appellant.
Mayer Brown LLP, New York (Christopher J. Houpt of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about September 12, 2019, which purportedly denied defendant's motion to reargue its motion to compel production, and denied defendant's motion to amend the answer, unanimously reversed, on the law and the facts, and the motions granted. Appeal from order, same court and Justice, entered on or about April 29, 2019, unanimously dismissed, without costs, as academic.
The order purporting to deny defendant's motion to reargue its motion to compel is appealable because the court addressed the merits of the motion, in effect granting it (and adhering to the prior determination) (see High Definition MRI, P.C. v Mapfre Ins. Co. of N.Y., 148 AD3d 470 [1st Dept 2017]).
The court denied defendant's motion to compel on the ground
that the discovery requests were "palpably improper" (see Aetna Ins. Co. v Mirisola, 167 AD2d 270, 271 [1st Dept 1990]). We find, to the contrary, that defendant's requests are proper. In particular, a requested unredacted settlement agreement is relevant not only to the issue whether defendant, a guarantor of a loan made by plaintiff to defendant's subsidiary, a nonparty entity, is entitled to offsets of the balance due, but also to the issue whether defendant remained obligated to plaintiff at all, given the existence of a new contract (see Compagnie Financiere de CIC et de L'Union Europeenne v Merrill Lynch, Pierce, Fenner & Smith Inc., 188 F3d 31, 34 [2d Cir 1999]; Keybro Enters. v Four Seasons Country Club Caterers, 25 AD2d 307, 310 [1st Dept 1966], affd 19 NY2d 912 [1967]).
Further, compelling production would not circumvent the bankruptcy court's order to file the unredacted copy of the Settlement Agreement under seal, since that is a filing order, not a protective order, and plaintiff could simply provide an unredacted copy from its own files.
Defendant's motion to amend the answer to add the affirmative defense of release should have been granted. Issues of fact exist as to whether the bankruptcy plan of reorganization released defendant, as a current shareholder of the debtor, from any claims by plaintiff. The plan is relevant to the rights of the parties, as any release by plaintiff of its claims concerning
defendant could serve as a basis to terminate this entire action. Plaintiff cannot claim surprise or prejudice, as it participated in the negotiation of the plan.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK